EDWARD B. CLARK, Appellant, v. LAURA BELLE CLARK,
Respondent.

Kansas City Court of Appeals, February 8, 1892.

Divorce: APPELLATE PRACTICE : DEFERRING TO TRIAL COURT : EX PARTE
PROCEEDING. In an *ex parte* divorce proceeding the appellate
court will largely defer to the trial court in its finding of facts,
and in such proceeding the courts are justified in holding plaintiff
to a satisfactory proof of the causes alleged ; and especially where
as in this case, from the reading of the record alone, though
deprived of the presence of the witness, the appellate court can
see some things calculated to arouse a distrust as to the merits of
the plaintiff's case.

*Appeal from the Jackson Circuit Court.* — HON.
RICHARD H. FIELD, Judge.

AFFIRMED.

*Thos. F. Gatts,* for appellant.

(1) This being an equitable proceeding, this court
will render such a decree, or make such orders in the
case, as under all the evidence in the case the trial
court should have made. (2) The trial court, in
deciding this cause, was evidently endeavoring to follow
the doctrine of this court, as announced in the case of
*Reed v. Reed,* 39 Mo. App. 473, and section 4508,
Revised Statutes, 1889, that stronger proof would now
be required in *ex parte* cases than previous to this statute
and the *Reed case ;* in this we claim the court erred,
as to that part of section 4508. (3) The case at bar, as a
cause of divorce, under our statutes, is upon the ground
"That the defendant offered to the plaintiff such indig-
nities as to render his condition intolerable," as well as
that of abandonment. The word indignity has been

Clark v. Clark.

judiciously construed to mean, taking Webster's definition, "unmerited, contemptuous conduct towards another, which manifests contempt for him, contumely, incivility or injury, accompanied with insult." *Lewis v. Lewis*, 5 Mo. 278; *Healey v. Healey*, 44 Ark. 429; *Cable v. Cable*, 2 Jones' Eq. (N. C.) 392. (4) Applying this rule to the evidence of this cause, the indignities proven would make forbearance cease to be a virtue, and cause a man to cry out, "Is there no peace." As applied to the specific causes for which a decree is asked, and when the statutes of a state allow divorces for specified causes, the court cannot, in its discretion, refuse to grant a divorce for a specific cause, when the cause is fully proven. *Motley v. Motley*, 31 Me. 495. The trial court gives as another reason for refusing the petitioner a decree, that he did not believe all that was presented to him in the case. We contend that of necessity there must be a difference between what should constitute a judicial belief upon a given state of facts, and an unwilling, individual belief; otherwise there would be no protection to individual rights, against the individual uncertainties and peculiar notions and whims of some chancellors. In other words, we contend that the only judicial unbelief that can, with any safety to the litigant, be exercised is an unbelief arising solely from the testimony, as honesty of purpose is legally presumed in all human acts, until the contrary appears. Greenleaf's definition of evidence is this: "The true question, therefore, in trials of fact, is not whether it is possible that the testimony may be false, but whether there is sufficient probability of its truth. Greenl. Ev., sec. 1; Gambin's Guide to the Study of Moral Evidence, p. 112.

No brief for respondent.

GILL, J. — Plaintiff sued the defendant for a divorce, basing his action on the ground that defendant offered to plaintiff such indignities as to render his

condition intolerable. Although the plaintiff resided at Kansas City, the suit was brought at Independence, and notice given by publication in an Independence newspaper, it being alleged that defendant was a non-resident. Defendant did not appear; the trial judge heard the evidence produced by the plaintiff and denied the prayer of the petition, and from this judgment plaintiff has appealed.

On a stenographic report of plaintiff's evidence, as it was submitted to the circuit court, we are asked to say that a case was made out by plaintiff, and that the court below erred in denying the prayer for a divorce. If the facts were as testified to by the plaintiff, then under the law he was entitled to a dissolution of the matrimonial bonds. But the judge trying the cause announced his decision on the ground that he did not credit the testimony produced. To his judgment in a case of this nature, we must largely defer. The witnesses were before the trial court ; he had ample opportunity to and did witness their appearance and deportment on the stand, and, hence, was in a position to better determine whether or not the conduct of the parties was truthfully detailed. Judging from the manner and extent of the court's cross-examination of the witnesses, there was apparently much in the case to excite suspicion. In these *ex parte* divorce cases, courts are justified in holding the plaintiff to a *satisfactory proof* of the causes alleged. Only one side of the controversy is heard ; and it is the observation common to the triers of causes, that no correct and satisfactory conclusion can be reached until both sides of the controversy shall relate their story. The court passing upon the evidence in such cases is not required to believe and credit it. 2 Bishop on Mar. & Div., sec. 787. Because then there is no contradictory testimony by "word of mouth," it does not follow that the judge shall *believe* the oral evidence adduced. There may be such circumstances and such appearances as to warrant a disbelief in the plaintiff's story.

From a reading of this record alone, though deprived of a sight of the plaintiff, we see some things calculated to arouse a distrust in the merits of plaintiff's case. He and his wife separated at Indianapolis, Indiana, just about a year prior to the institution of this suit. He came to Kansas City; where she went is not shown, nor does he satisfactorily account for his failure to learn of her whereabouts. He takes advantage of that provision of the statute to serve her with notice by publication. It would have been economy and attended with little trouble to have served her personally with a copy of his petition. However, he had the right under the statutes of this state (if she was a non-resident) to give his wife notice by publication; and with such notice the court had jurisdiction to hear and determine the cause, and settle the matrimonial status between the parties. Yet that the plaintiff adopted this means of notice rather than serve the wife with a copy of the petition tends naturally to impress the court that the plaintiff preferred a quiet, *ex parte* hearing, rather than a full disclosure, as might have resulted if the wife was *in fact* advised of the pending suit. More than this, plaintiff, though residing at Kansas City, brings his suit at Independence, and publishes the notice of suit in a newspaper there. Why go to a neighboring town and make a pretense of notice such as this, except to *avoid*, rather than give advice to, the defendant?

We see no sufficient reason to disturb the judgment below; it is, therefore, affirmed. All concur.