FIELDING BURNES, Respondent, v. GERTRUDE L. BURNES, Appellant.

Kansas City Court of Appeals, April 1, 1895.

1. Trial Practice: INTERLOCUTORY JUDGMENT: SETTING ASIDE. Under section 2210, Revised Statutes, 1889, an interlocutory judgment by default may be set aside for good cause, any time before, but not after, final judgment.

2. ———: FINAL JUDGMENT: CONSTRUCTIVE SERVICE. Under section 2220, Revised Statutes, 1889, no final judgment can be set aside, unless the petition for review shall state the existence of the fact set forth in section 2217; and where a motion to set aside a judgment does not allege such facts, it is insufficient.

3. ———: DIVORCE: AFFIDAVIT. An affidavit attached to a petition for divorce, alleging nonresidence as a ground for service by publication, need not state the venue when the petition itself lays the venue in a court of a given county. *Barhyadt v. Alexander,* 59 Mo. App. 188, *distinguished.*

4. ———: PUBLICATION: RETURN TERM. An order of publication was published for five successive weeks, once a week, the fourth insertion being sixteen days before the commencement of the term at which the defendant was required to appear. *Held,* sufficient. And the mere fact that the order itself required the last insertion to be thirty

days before the first day of the said next term, was mere surplusage. *Held, further,* that the defendant should appear on the third day of next term, or judgment by default could properly be entered.

5. ————: RETURN TERM: DEFAULT: EVIDENCE. At the return term, the plaintiff, upon default, is entitled to an interlocutory judgment without offering any evidence, but the fact that he does offer evidence can not *invalidate the judgment,* especially, where, at the next term, the cause is regularly docketed, called, and the evidence heard, and final judgment entered.

6. ————: PUBLICATION: PERSONAL SERVICE. Where order of publication is taken out and published, the subsequent service of process on the nonresident defendant, under section 2029, Revised Statutes, 1889, is not an abandonment of such publication and can not supercede it.

*Appeal from the Platte Circuit Court.*—HON. WM. S. HERNDON, Judge.

AFFIRMED.

*Kagy & Bremermann* for appellant.

(1) The court never obtained jurisdiction of the cause, for the reason that the petition is not accompanied by an affidavit, as provided by section 4501, Revised Statutes, 1889. It states no venue, and is, therefore, a nullity. *Savil v. Payne,* 4 N. Y. Sup. 897; *Cook v. Staats,* 18 Barb. 407; *Lane v. Morse,* 6 How. 394; *Thompson v. Burkhouse,* 61 N. Y. 460; *Burns v. Doyle,* 28 Wis. 460; *Fletcher v. Keyte,* 66 Mo. 285; R. S. 1889, sec. 2065. (2) The alleged service by publication did not confer jurisdiction over the person of defendant, for the reasons following: *First.* The order of publication is void for the reason that the affidavit on which it is based does not comply with the statute. It does not state what the statute requires. *M. Leod v. Moore,* 3 N. Y. Supp. 792; R. S. 1889, sec. 2022. *Second.* It was not published thirty days before the return term for said cause. R. S. 1889, sec.

2028; *State v. Tucker*, 32 Mo. App. 625; *Bean v. County Court*, 33 Mo. App. 635; *Hatfield v. Atwood*, 18 N. Y. St. Rep. 285; 3 N. Y. Supp. 258; *Charles v. Morrow*, 99 Mo. 646; *Meyers v. McKay*, 114 Mo. 382; *Galpin v. Page*, 118 Wall. 368. (3) Service by publication was abandoned, and substituted services made on defendant in Colorado, as provided by section 2029, Revised Statutes, 1889. The latter service superseded and did away with the former. *Abrahams v. Mitchell*, 8 Abbt. Pr., n. 1, 123; 16 Am. & Eng. Encyclopedia of Law, 823, par. 9; *Hatfield v. Atwood, supra*. (4) Default was taken at December term, 1893. This was neither the return nor trial term. Defendant not having had thirty days' notice was not required to plead until the third day of the following term, which was April, 1894, Platte county having less than forty thousand inhabitants. R. S. 1889, sec. 2042; *State ex rel. v. Evans*, 53 Mo. App. 664; *Kraleman v. Sippel*, 57 Mo. App. 598. (5) The alleged decree *nisi* or interlocutory judgment, even granting defendant in court, could only put her in default. It could not divorce her either absolutely or conditionally. The court could not try the case on its merits then. Freeman on Judgments [3 Ed.], sec. 29; Daniels, Ch. Pr., p. 1000; *Lombard v. Clark*, 33 Mo. 308; *Morp v. Burris*, 31 Mo. 308; *State ex rel. v. Evans*, 53 Mo. App. 665; Rapalje, 358–869. (6) The statute provides when an interlocutory judgment may be entered and how to proceed to final judgment. An interlocutory judgment is one pending the cause and before final hearing on the merits. Freeman on Judgments, sec. 29; Daniels, Ch. Pr. [3 Ed.], *supra*; *Teaff v. Hewit*, 1 Ohio St. 511; 11 Am. & Eng. Encyclopedia of Law, 426; *Williams v. Field*, 2 Wis. 421, note to s. c., 60 Am. Dec. 426. We respectfully submit that the judgment ought to be set aside and

defendant given an opportunity to make a defense—if properly in court.

*A. D. Burnes, J. W. Coburn* and *Milton Moore* for respondent.

(1) The affidavit to the petition was in exact conformity to the statute. The venue was stated in the caption of the petition and it was not necessary to state it in the affidavit. R. S. 1889, sec. 2065. (2) The requirement in the order of publication that the last insertion of the publication of the order of publication should be thirty days before the first day of the December term is surplusage merely, and could not have misled as the previous part of the order was in conformity to the statute and required the defendant to appear and plead on the third day of the December term to be holden on December 4, 1893. *Cruzen v. Stephens*, 27 S. W. Rep. (Mo.) 557; *Mitchell v. Nodaway*, 80 Mo. 264; *Hicks v. Ellis*, 65 Mo. 183; *Jasper County v. Wadlow*, 82 Mo. 179. (3) The suing out of summons and service thereof after the order of publication was not a waiver of the publication notice. *Dresser v. Wood*, 15 Kansas, 344; *Stephens v. Thompson*, 5 Kansas, 305; 16 Am. & Eng. Encyclopedia of Law, 823, and cases cited; *Railroad v. Morris*, 3 S. W. Rep. 457; 22 Am. & Eng. Encyclopedia of Law, 159, and cases cited; *Farris v. Walter*, 31 Pac. Rep. 231. (4) The order of publication was published five times. So there were sixteen days between the last or fourth publication, which was on November 17, and the first day of the December term, which was on December 4. The law required only that the last or fourth insertion be fifteen days before the first day of the December term. *Haywood v. Russell*, 44 Mo. 252; *State ex rel. v. Tucker*, 32 Mo. App. 620; *Cruzen v.*

*Stephens,* 27 S. W. Rep. (Mo.) 557; R. S. 1889, sec.
2028; *Fautz v. Mann,* 18 N. W. Rep. 64, 66. Any
service had fifteen days before the first day of the next
ensuing term makes that term the appearance term.
R. S. 1889, sec. 2015. (5) The final decree, after a
judgment by default, should give the relief asked in
the petition—making the default decree a finality.
*Lombard v. Clark,* 33 Mo. 308. Before a person is
entitled to a decree of divorce he must show the
necessary statutory residence. R. S. 1889, sec. 4503.
And also he must show his good conduct and that he
is the innocent and injured person. R. S. 1889, sec.
4508. Since the final decree is but the confirmation of
the default decree and the final decree goes as a matter
of course, it seems proper to hear the evidence in a
divorce case before default. It seems from the decrees
that evidence was heard at each. (6) The motion to
set aside the default was not timely as it was made
after final judgment had been rendered. *Matthews v.
Cook,* 35 Mo. 286; *Hovey v. Sauer,* 50 Mo. 301; *Smith
v. Smith,* 48 Mo. App. 618.

SMITH, P. J.—This is an action for divorce. The
plaintiff filed his petition in the circuit court of Platte
county and at the time of filing the same also filed an
affidavit, stating the defendant was a nonresident of
the state, and thereupon the clerk of said court made
the usual statutable order in such case, notifying
defendant of the commencement of the action. There
was publication of the order in a newspaper published
in the county in which the suit was commenced. The
defendant did not, in pursuance of the order so pub-
lished, appear at the next term of court and file an
answer, or other pleading; consequently an interlocu-
tory judgment by default was rendered against her.
And still failing to appear at the succeeding term

Burnes v. Burnes.

of the court, final judgment was given on said interlocutory. Later on, during the last named term of the court, the defendant appeared and filed a motion to set aside both the interlocutory and final judgments, which being by the court overruled, the defendant appealed.

The statute, section 2210, provides that an interlocutory judgment by default may be set aside for good cause, at any time before final judgment shall be rendered, upon such terms as shall be just. But this power can not be exercised after the entry of final judgment. *Mathews v. Cook*, 35 Mo. 286. The defendant's motion, so far as it related to the setting aside of the interlocutory judgment, was too late, and, therefore, the grounds thereof can not be reviewed by us.

The statute, section 2217, further provides, that, when an interlocutory judgment shall be made and final judgment entered thereon against any defendant who shall not have been summoned, as required by chapter 33, or who shall not have appeared to the suit, such final judgment may be set aside if the defendant appear within the time therein specified and by petition for review show good cause for setting aside such judgment. It is further provided, in section 2220, that no such judgment shall be set aside, unless the petition for review shall state the existence of the facts set forth in section 2217, *supra*, and that the petition of the plaintiff, upon which the judgment complained of was obtained, is untrue in some material matter, setting it forth, or that he has and had then a good defense thereto, setting such defense forth, or both. The defendant did not state, either that the petition on which plaintiff obtained his judgment was untrue in any respect, or that she had a good defense thereto, as required by the statutory provisions to which we have just referred. The motion does not contain the statutory essentials of

a petition for review, and for that reason can not be held to perform the office of such petition.

But, since the record proper is before us, we may examine it with a view of ascertaining whether there is any defect appearing on its face, whether suggested by the motion or not, that demands a disturbance of the judgment. It is contended that the court did not acquire jurisdiction over the cause, for the reason that the petition is not accompanied by an affidavit, as required by section 4501, Revised Statutes, in that it states no venue. By reference to that pleading, it will be seen that in the caption, the venue is expressly stated in these words: "In the circuit court of Platte county, Missouri." This is sufficient in the light of the authorities. Bliss on Code Pleading, sections 142, 143. The affidavit and jurat are a part of the petition. McQuillin on Pleading and Practice, section 295. The venue being stated in the caption of the petition, no further statement of it was necessary. R. S., sec. 2065. It follows that it was not necessary to state the venue in the affidavit, or in the *jurat*. The point here is not like that in *Barhyadt v. Alexander*, 59 Mo. App. 188, and hence that case, and the cases there referred to (some of the latter of which are cited by defendants), are not applicable here. There the affidavit did not purport to have been made in any county of the state, nor did it appear from the jurat that the notary subscribed his name, as notary of any particular county. Here, the county being stated in the caption of the petition, we are authorized by the statute, to which we have already referred, to excuse its mention in the subsequent parts of such petition, which otherwise would be necessary. It must be ruled, therefore, that the petition on its face shows that the affidavit was made in Platte county, before the clerk of the circuit court of that county.

The defendant further objects that the order of publication does not comply with the requirement of the statute, and, consequently, it is void. The objection that the order of publication is void, because the affidavit on which it is based does not comply with the statute—section 2012—is not well taken. It literally follows it. The further objection to it that it was not published thirty days before the return term of the cause, is not valid. The publication of the order was made for five successive weeks, once a week, the fourth insertion being sixteen days before the commencement of the term of the court, at which defendant was required to appear; and this, we think, was sufficient. R. S., sec. 2028. The last or fifth insertion of the publication was more than the statute required, but it is not perceived how this could, in any way, impair the sufficiency of the publication.

The notice was published for four successive weeks, and, from the last insertion until the first day of the term at which defendant was required to appear, more than fifteen days intervened. This met the statutory requirement. R. S., sec. 2015; *Haywood v. Russell*, 44 Mo. 252; *Cruzen v. Stephens* (s. c. not yet reported) 27 S. W. Rep. 557.

The order of publication, after reciting everything the statute required, contained a clause to the effect that the last insertion of said publication in the newspaper therein designated, was *to be at least* thirty days before the first day of the said next December term of the court." This was mere surplusage—not being required by the statute, it did not vitiate the order of publication, since it was otherwise valid. *Cruzen v. Stephens, supra.* There was no possible chance for the defendant to be deceived or misled in the matter. *Hicks v. Ellis*, 65 Mo. 176.

The defendant further objects that the interlocu-

tory judgment by default against her was improperly taken at the term of the court at which she was required, by the order of publication, to appear, and, since she had not had thirty days notice, before the commencement of that term, that it was neither return nor trial term.    The statute provides, in counties having less than forty thousand inhabitants, of which Platte county is one, that all suits other than those on bonds, bills, notes and certain accounts, shall not be tried at the return term, unless the defendant has been served with process at least thirty days before the beginning of the term.    R. S., sec. 2042;  *State v. Evans*, 53 Mo. App. 663.    This is a suit other than on a bond, bill, note or account, where the defendant was not served with process thirty days before the commencement of the next term, but was served more than fifteen days.    R. S., sec. 2015. The defendant was, therefore, required by the section of the statute just cited to appear on or before the third day of the return term named in the order of publication, and demur to, or answer, the plaintiff's petition; and, having failed to do so, the plaintiff was entitled to an interlocutory judgment by default. R. S., sec. 2209.

The judgment recited that evidence had been heard, but it does not purport to be final.    The plaintiff was entitled to his interlocutory judgment, without being required to offer any evidence at that term of the court, in support of any allegation in his petition; but the fact that he did so can not have the effect to invalidate the judgment, otherwise regular enough.    While this was an irregularity, it was not harmful to the defendant, and could afford no possible ground for complaint.

The cause was docketed for the first day of the April term—the next succeeding term—of the court, where it was regularly called, the evidence heard, and the interlocutory judgment made final, which, as far as

we are able to see, is unexceptionable in form and substance.

The defendant finally contends that the plaintiff abandoned his service on defendant by publication, substituting that provided in section 2029, Revised Statutes, and that the latter superseded and did away with the former. It appears that there was personal service of this notice. Thus, to supplement the constructive service of notice by publication, with that of actual notice, would seem to be commendable rather than reprehensible; especially so in a case of this kind. (*Clark v. Clark*, 48 Mo. App. 157), and ought not to have the effect to invalidate or supersede the first service. *Dresser v. Wood*, 15 Kan. 344.

We have examined the whole record from the beginning to the end and have failed to find any irregularity or defect therein which would, in our opinion, justify the disturbance of the judgment, on the ground that the court did not acquire jurisdiction of the cause. The motion to set aside the judgment for any of the alleged grounds of complaint was properly overruled.

It results that the judgment must be affirmed. All concur.