STOUT vs. C. & T. LEWIS.

Where a party has a meritorious defence, and a judgment by default has been rendered against him, it appearing that he had employed an attorney to make his defence, that his attorney had been in attendance in court until the trial of another cause had commenced, and then only left to attend to his sick family, and while so absent for a short time the suit which had been on trial was terminated by a compromise, and thus the judgment by default was had, it should be set aside.

APPEAL from the St. Louis Court of Common Pleas.

CROCKETT & BRIGGS, *for Appellant.*

1. The plaintiffs were not entitled to recover without proof of their partnership.

2. The plea of the general issue denied the partnership of Anson and the defendant, and it was therefore incumbent on the plaintiff to prove it.

3. The defendant's name not in any manner appearing on the bill, he could not be held as an acceptor without proof either that he did in point of fact accept it by the name of George Anson & Co., or-that he was at the date of the acceptance a member of said firm—all of which was denied by the plea.

4. The affidavits disclose due diligence on the part of defendant and his counsel, and such a surprise as should have been relieved against by a new trial in a cause having a meritorious defence.

SHREVE, *on the same side.*

1. In a suit by persons *as partners*, plaintiffs, a partnership in fact must be proven. Campbell & Maison vs. Hood, 6 Mo. R., 211; Lockridge & Pilcher vs. Wilson, 7 Mo. R., 560; Dempsey vs. Harrison & Glasgow, 4 Mo. R., 267.

2. In a suit by strangers against *partners*, it is necessary to *fix a liability*, if not to prove an actual partnership; and the statute which admits in evidence (R. S., p. 819-20) any instrument of writing charged to have been executed by the other party, only dispenses with proof of the handwriting, where there is no plea of *non est factum*. It is a mere change of the common law rule which required proof of the hand-writing, and does not dispense with proof of partnership, or at least liability.

3. There was no evidence introduced to show that defendant, Stout, composed the company who is charged to have accepted this bill, nor was there any evidence to establish a partnership between C. & T. Lewis, who yet sued as partners. Neither was any evidence introduced to show a partnership, or a partnership liability on the part of defendant, and yet he is sued as partner of Geo. Anson & Co.

4. The affidavits show good cause for a new trial. The Supreme Court have repeatedly enforced a new trial for cause, when they have thought the court below erred in not granting the same.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of assumpsit on a bill of exchange, brought by the

appellees against the appellant, on which they recovered a judgment on a trial which took place in his absence and that of his counsel.

After verdict, a motion was made to set it aside on the affidavits of the appellant and his counsel, which substantially stated that the appellant, with his counsel, was in attendance at the opening of the court until another cause was taken up for trial, which was unexpectedly terminated by a compromise; that the appellant had been advised by counsel that he had a good and meritorious defence to the action. That his counsel left the court house when the other trial was progressing, to see his sick family, and was assured that the trial of the cause would proceed, and whilst the counsel of the defendant was addressing the jury in anticipation of the defence. That afterwards, the trial was suddenly arrested by a compromise in the midst of it.

This Court has repeatedly held parties to suits to the negligence of their counsel or attorneys. If parties were not responsible for agents voluntarily chosen by themselves, it would scarcely be possible to get along with the business of courts. A door would be opened to collusion between a party and his attorney, which would place the opposite party entirely at their discretion. When the courts act affirmatively and grant relief against the act, omission or neglect, this Court will not interfere. Such relief operates merely as a delay at most, and that delay may as well be borne in the court below as in coming to this court for redress. The case is different when the court below refuses to interfere. There the party is remediless, and cases may arise where this court will interpose. This is never done, however, without great reluctance, as it is obvious that, in matters of this kind, the court possessing original jurisdiction enjoys advantages for determining them far superior to those enjoyed by this court. Any one the least conversant with the administration of justice in courts of original jurisdiction, must be aware of this. These motions are addressed to the sound discretion of those courts, to be liberally exercised in furtherance of justice. A wise Judge has said, that it is not alone sufficient that justice be administered, but it must be administered in a manner satisfactory to suitors. An indiscriminate interference by this court with matters of pure discretion in the courts below, would, in the end, be productive of more injustice than a refusal to interfere in any case. In the review, justice might sometimes be done, but in the most of them it would be little more than a groping in the dark, in which the court could not satisfy itself whether it was doing right or wrong. These considerations have induced us to let some seemingly hard cases pass undisturbed, not that we approved them, if they

were below as they appeared to us in paper, but because there might have been circumstances influencing their determination which cannot be spread upon the record. Some time since, a case was here in which a judgment for a large sum was rendered against a party by reason of the neglect of his counsel to make his defence, and afterwards, on a motion for a new trial, a receipt was produced by which it appeared that nearly the whole amount had been paid, and yet the motion was refused. Now, surely, the neglect of the counsel of the party against whom the judgment was rendered, should not have induced the court to let the opposite party perpetrate a gross fraud. The facts in this case show sufficient diligence, and the cause will be reversed and remanded, Judge NAPTON concurring.