NEWTON MATTHEWS, Defendant in Error, *v.* ALLEN COOK *et al.*, Plaintiffs in Error.

*Practice—Default.*—An interlocutory judgment by default, where there is no issue of fact to be tried, may be made final upon any day of the term succeeding that at which the default is taken. The motion to set aside the default should be made before the entry of final judgment. (R. C. 1855, p. 1278, § 5.)

### *Error to Jefferson Circuit Court.*

This was an action by Newton Matthews against Allen Cook and Chapel Foster, to set aside a deed made by said Matthews to Allen Cook, for 160.75 acres of land situate in Jefferson county, on the ground that he was intoxicated when it was made; that the consideration was, that Cook was to support him for life, and that he had failed to comply with the terms of conveyance; also, for $300 in money, and the value of certain personal property delivered by him to Cook; and, also, to vacate a deed from Cook to said Foster, for the

same land; a default was entered against defendants at the June term, 1863, in consequence of Foster failing to get leave to answer in vacation in accordance with Cook's understanding of their arrangement; that Cook resides in Illinois and had arranged for him to do so, but that Foster had misunderstood the arrangement. At the December term following, the court called up the case on the 12th day of December, although it was set for trial on the docket for the 14th of December, and, against the objection of defendant's counsel, proceeded in the cause, and made a decree for plaintiff, setting aside his deed to Cook and vesting the title to the land in plaintiff, without any evidence to sustain the allegations in his petition, the plaintiff having dismissed his claim on the account, and for damages.

The court adjourned on the 12th December, to the first Monday of February, 1864, at which term Cook filed his motion to set aside the decree and grant a new trial, and give him leave to file answer instanter; and filed the affidavit of himself and Z. Pritchett, showing he had a meritorious defence, and that he had been prevented from attending the December term, 1863, at the first of the term, in consequence of the sickness of his family; but the court refused to grant a new trial, and the defendants duly excepted and bring the case here by writ of error.

*Abner Green* and *Jos. J. Williams*, for plaintiffs in error.

I. The court erred in calling up and rendering a decree in the case on the 12th day of December, when the case was set for trial on the 14th day of December. Defendants were thereby taken by surprise and deprived of the opportunity of defending the action. (Price v. Ford, 7 Mon. 399.)

II. It was erroneous to decree in favor of plaintiff, without any evidence to support the allegations of the petition.

*John S. Thomas*, for defendant in error.

I. Although the case was set for trial on Monday, the 8th day of the court, still there could be no trial until the

judgment by default was set aside; and there being no motion for that purpose on Saturday, the 6th day of the term, it was reasonable to suppose there would be none. The plaintiffs in error (defendants below) had no right to expect that a motion on their part to set aside the default would be entertained, if delayed until the day set for the trial. The court adjourned on Saturday, and there being no motion to set aside the default, the final decree was properly entered up. The defendant in error (plaintiff below) having dismissed his suit as to the money and personal property sued for, nothing remained for adjudication except the deed, which plaintiff below alleged Cook had obtained from him by fraud. No evidence was necessary; plaintiff below had nothing to do but take a final decree. (Lombard v. Clark, 33 Mo. 308.) The default might have been set aside for good cause shown any time before final judgment was rendered, but no motion was made for that purpose. (R. C. 1855, p. 1278, § 5; 9 Ind. 357.)

II. The plaintiffs in error (defendants below) showed no good cause why the judgment by default should have been set aside. They make a motion to set aside the default and the final decree. The summons was served on Foster (one of the defendants below) in May, 1862, the summons being returnable to the June term, 1862; no court was held in June; the term in December was adjourned over till January, 1863. Cook, the other defendant, was then served, to wit, in January, 1863; judgment by default was duly entered in June, 1863, and no motion had been filed to set aside this default. On the 6th day of the term, held in December, 1863, Cook for the first time appears in court to defend this action, thirteen months after the writ was served upon him. Instead of showing due diligence and "good cause," the facts in the case show the grossest negligence. (Wimer v. Morris, 7 Mo. 6 & 25; Field & Cathcart v. Matson, 8 Mo. 686; Kerby & Porter, v. Chadwell, 10 Mo. 392; Austin v. Nelson, 11 Mo. 192.) These motions are addressed to the discretion of the Circuit Court, and will not

be interfered with by this court except in very plain cases. (34 Mo. 459; Ridgely v. Steamboat Reindeer, 27 Mo. 442.)

DRYDEN, Judge, delivered the opinion of the court.

1. This was not a case which by the provisions of the 20th section of art. 13 of the Practice Act (R. C. 1855, p. 1289) was required to be docketed for any special day. There was no issue of fact to be tried; the default having admitted the allegations of the petition, there was no inquiry of damages to be made, no damages being asked, and there was no motion or other matter of law for argument at the term at which the case was docketed. The case standing upon the interlocutory judgment, without any issue of law or fact to be heard, was liable to be taken up, and the judgment made final, at any time in the term next after that at which the default was entered, the law fixing no time in the term succeeding the interlocutory term when the judgment may be made final. There was, therefore, no irregularity, much less error, in the action of the court in making the judgment final before the day on which the case was docketed, but in the term succeeding the default.

2. The Circuit Court may for good cause shown set aside an interlocutory judgment, but can only exercise this power before the entry of final judgment. (R. C. 1855, § 5, p. 1278.) In this case the motion to set aside came after the final judgment, and was therefore too late. We do not wish to be understood as deciding that if there be any irregularity or error in the final judgment, that such default cannot be reached at the proper time in the court rendering the judgment.

The motion to set aside was properly refused. We find no error in the record. Let the judgment be affirmed; the other judges concur.