WELLS, *Appellant*, v. ANDREWS.

Division One, March 24, 1896.

1. **Ejectment:** NEW TRIAL: EXCESSIVE DAMAGES. In ejectment, where the defendant answered but made no further appearance, and judgment was rendered against him, the granting of a new trial will not be disturbed on appeal, it appearing that the motion was supported by affidavits tending to show that the damages assessed were excessive.

2. **Practice:** VACATING JUDGMENT: NEGLIGENCE OF PARTIES. The action of a court of general jurisdiction in vacating, during the term, judgments by default and in granting relief against the neglect of parties and their attorneys will not be disturbed on appeal unless such action is clearly arbitrary and oppressive.

*Appeal from Jackson Circuit Court.*—HON. E. L. SCARRITT, Judge.

AFFIRMED.

*A. M. Allen* for appellant.

(1)   The affidavits in support of the motion to vacate the judgment show no diligence whatever, and the motion should have been denied.   *Fretwell v. Laffoon*, 77 Mo. 29; *Richardson v. Farmer*, 36 Mo. 46.   (2) The act of the attorney is that of the client.   *Gherke v. Jod*, 59 Mo. 522.   (3) Absence of counsel affords no ground for a new trial.   *Holloway v. Holloway*, 97 Mo. 628.

*Jones & Jones* for respondent.

(1) The damages assessed were excessive as shown by the affidavit of Lipscomb.   This was sufficient to authorize the action of the trial court in vacating the judgment.   (2) Injustice was done defendant and a new trial was proper.   *Lockwood v. Ins. Co.*, 47 Mo. 50; *Bank v. Armstrong*, 92 Mo. 265; *Whitsett v. Ransom*, 79 Mo. 258; *Edmiller v. Kump*, 61 Mo. 340.

MACFARLANE, J.—The suit is ejectment to recover a strip of land twenty-two feet wide off the west end of the south half of the northwest quarter of section 20, township 47, range 33, in Jackson county.   The petition is in the usual form.   The answer contains a general denial and certain special defenses which need not be mentioned.   A reply put in issue the new matter contained in the answer.

On the thirteenth day of October, 1893, the cause was called for trial, plaintiff appearing thereto.   Defendant did not appear. either in person or by counsel. Plaintiff introduced evidence upon the issues and judgment was rendered in his favor for the possession of the land and for damages, rents, and profits.

Afterward on the seventeenth of October, and at the same term of court, defendant filed a motion to set

aside the judgment and for a new trial for these, with other reasons: ·

"*Fourth.* The amount of the damage and monthly rents and profits, as fixed by the judgment, is excessive and unreasonable.

"*Fifth.* The defendant says that he purchased the land in controversy from one J. H. Lipscomb; that said Lipscomb made a warranty deed to said defendant for said land; that at the time suit was instituted by said plaintiff, defendant asked said Lipscomb to defend said suit, which said Lipscomb agreed to do; that said defendant was advised by said Lipscomb that he need not employ counsel to represent him in said suit; that, relying upon said Lipscomb to make a proper defense he did not employ counsel and was not represented; that said Lipscomb failed and neglected to make the defense he could have made and agreed to make, and otherwise neglected and refused to comply with his agreement; that by reason of said Lipscomb's failure to make the proper defense, defendant is damaged by the alleged and excessive judgment rendered herein."

A number of affidavits were filed, both in support of and against this motion. Some of these affidavits tended to prove that the damage assessed was excessive.

The affidavit of J. H. Lipscomb shows that affiant sold and conveyed the land to defendant by warranty deed; that when this suit was commenced defendant Andrews notified him thereof and he agreed to make the defense. The affiant then states these facts:

"That at the institution of this suit, the defendant, Andrews, asked this affiant if it was necessary for the defendant, Andrews, to employ counsel to defend this suit. Affiant states that he advised Andrews that he need go to no expense whatever in the matter, but that he, affiant, would defend said suit at no expense to said Andrews, and without any trouble or attention

from him. That in pursuance of the agreement with Andrews, said affiant, at his own request and instance, procured the law firm of Jones & Jones to act nominally for said Andrews, in said suit, at the same time telling said law firm that they need give the case no professional attention whatever. Affiant further says that he knows of his own knowledge, that defendant Andrews relied solely upon his agreement with said Lipscomb for his defense in said suit. That said Andrews did not employ Lipscomb as his counsel or attorney, but solely relied upon him and his interest in the termination of said suit to make the defense.

"Affiant states that he undertook for himself, and in pursuance of said agreement with Andrews, without any consideration from Andrews, to defend said suit, and prepared the answer filed in this cause which sets up a complete defense to plaintiff's action, and requested Jones & Jones, attorneys, to sign said pleadings, as nominal attorneys for defendant, to the end that the record of said case might be complete. Affiant says that he fully intended to comply with this agreement with said Andrews, and make a defense to said suit, but that in the early part of the week in which this case was set for trial, some very important and unexpected business, personal to himself and his sister, engaged his attention so exclusively and to such an extent that the affiant forgot to note the setting of the case for trial, and forgot to subpoena his witnesses, and make the defense to the court at the trial, as pleaded in the answer. Affiant states that he knows the defendant depended upon him to make the defense, and he believes the defendant is not chargeable with any negligence in the matter on account of the dependence and trust reposed in the said affiant.

"Affiant says that defendant was not represented at the trial of this cause, on account of the neglect and

oversight of said affiant. Affiant says that plaintiff can not be injured by having the defense set forth in the answer filed in this cause presented to the court for consideration, but that defendant will be greatly injured and damaged if said judgment is not set aside *and* a new trial granted."

Other affidavits were to the same effect.

The court sustained the motion, set aside the judgment and reinstated the case and plaintiff appealed.

The power of courts of general jurisdiction to vacate their own judgments, by default during the term at which they are rendered, and to grant affirmative relief against results caused by the negligence of parties and their counsel, is discretionary, and will not be interfered with by appellate courts, unless clearly arbitrary and oppressive. *Scott v. Smith, ante,* p. 618.

This discretion also extends to the power of the court to set aside verdicts and judgments and grant new trials on account of the insufficiency of the evidence to sustain them. Where there is a substantial conflict in the evidence we should no more interfere with the action of the circuit court in granting a new trial, than we should, in such case, interfere with its action in approving a verdict. *Bank v. Wood,* 124 Mo. 76, and cases cited.

The court gave no reason for vacating the judgment in this case, but we can not say that its discretion was arbitrarily or unsoundly exercised on either of the grounds relied upon in the motion, and its action is, therefore, affirmed. All concur.