ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1910.

*(Continued from Volume 151)*

STELLA HALL, Respondent, v. D. C. McCONEY, Appellant.

Springfield Court of Appeals, December 5, 1910.

1. **JUDGMENT:** ·Judgment by Default: Setting Aside Judgment: Discretion of Trial Court. In a suit against two defendants, one of whom answered and the other (appellant here) failed to answer because he had instructed and been assured that his co-defendant would employ an attorney to look after appellant's interests, and on the fourth day of the term the suit was dismissed against the defendant who answered, and judgment by default was taken against appellant, who on the sixth day filed a motion to set aside the judgment, which motion was overruled by the trial court; the facts relating to the merits of the case are examined and *held* that the trial court erred in not setting aside the judgment.

2. ————: **Motion to Set Aside: Filing at Same Term.** A motion to set aside a judgment may be filed any time during the term at which the judgment was rendered.

3. ————: ————: **Discretion of Trial Court.** The trial court is invested with large discretion in determining a motion to set aside a default judgment, and an appellate court is less apt to interfere when the judgment is set aside than when it is not.

4. ———: ———: ———. Where a judgment by default has been rendered and a motion to set the same aside has been filed at the same term, the general rule is that when the defendant discloses a good defense on the merits, and a reasonable excuse for delay is shown and no substantial injury has resulted from such temporary delay, the court should exercise its discretion in favor of the trial on the merits.

5. ———: ———: ———. The discretion that a trial court has with reference to setting aside a judgment by default, is not an arbitrary or capricious one, but legal and judicial, to be exercised in conformity with the spirit of the law.

6. ———: ———: ———: Defense Must be Shown. Before a judgment by default should be set aside, the defendant must show that he had a good defense on the merits, but the court will not weigh the evidence on the question of the defense with too great exactness, but will take into account the tendency of the evidence, and the probability of the result on the trial upon the merits.

7. ———: ———: Attorney and Client: Attorney Abandoning Case. Where an attorney abandons the prosecution or defense of his client's cause without notice to such client, a reasonably sufficient length of time should be given to enable the party to secure other counsel before judgment is rendered against him. The same rule should be applied where the party has directed his agent to secure counsel and has been assured that the case would be properly looked after.

8. ———: Setting Aside Default Judgment: Imposing Reasonable Conditions. In setting aside judgments by default the court may impose reasonable conditions.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

REVERSED AND REMANDED (*with directions*).

*J. W. McAntire* for appellant.

(1) The motion for new trial and in arrest was filed within four days after judgment was rendered in this case, but the suggestions of the appellant to the court were filed after the four days and after the overruling of motion for new trial and in arrest and under such circumstances we are entitled to have the court review the whole record. Williams v. Circuit Court,

5 Mo. 249; Harkness v. Jarvis, 182 Mo. 236; Scott & Colburn v. Joffee, 125 Mo. App. 578. (2) The judgment was rendered without proof of the allegations of the petition and the court should have set aside its finding for the causes shown and granted a new trial. R. S. 1899, secs. 799, 800; Parker v. Railroad, 148 Mo. 124; Lawson v. Mills, 130 Mo. 170; Byington v. Railroad, 147 Mo. 673. (3) While it is true that granting of a new trial rests within the sound discretion of the trial court, yet where it appears that its discretionary power was abused, that is, exercised in an arbitrary or arrogant manner, the appellate court should reverse the action of the trial court. Rodin v. Transit Co., 207 Mo. 392; Davidson v. Carp, 139 Mo. App. 154.

*R. A. Mooneyham* and *Lee Shepherd* for respondent.

(1) Even if defendant's motion to set aside the judgment was sufficient, the motion shows gross negligence on the part of the appellant who says that he thought that his employee Burns would look after the matter. Coulter v. Luke, 129 Mo. App. 707; Robin v. Publishing Co., 127 Mo. 391. (2) Courts cannot and ought not to undertake to relieve parties from the consequences of their own negligence. Coulter v. Luke, 129 Mo. App. 707. (3) The statutes allow a motion to set aside a default judgment before final judgment, but not after. R. S. 1899, sec. 770; Billingham v. Commission Co., 115 Mo. App. 157; Matthews v. Cook, 35 Mo. 286; Burns v. Burns, 61 Mo. App. 612. (4) The motion to set aside the default judgment was not timely as it was made after final judgment had been rendered. Hovey v. Sour, 50 Mo. 301; R. S. 1899, sec. 770; Smith v. Smith, 48 Mo. App. 618. (5) If there be an interlocutory judgment by default, the only issue on the final inquiry is as to the damages and nothing else can be inquired into. The defendant can-

not introduce evidence controverting plaintiff's entire cause of action or tending to avoid it, or to show that no right of action exists. Phillips v. Bachelder, 47 Mo. App. 52; 1 Black on Judgments (2 Ed.), 91; Girard v. Dollar, 49 N. C. 175; Foster v. Smith, 10 Wend. (N. Y.) 377; Lambert v. Sanford, 55 Conn. 437; Lee v. Knapp, 90 N. C. 171. (6) Judgment taken by default is conclusive in respect to all such matters and facts as were well pleaded. Such issues cannot be relitigated in any subsequent action by parties or their privies. 1 Black on Judgments (2 Ed.), 87; Lenhard v. Simpson, 2nd Bidg. N. C. 176; Railroad v. Nav. Co. (C. C.), 28 Fed. 505; Durby v. Jacques, 1 Cliff, 425 Fed. Cas. 3817; Thacker v. Gammon, 12 Mass. 268.

GRAY, J.—This suit was instituted in the circuit court of Jasper county, by the plaintiff against the appellant and one William Burns. The purpose of the suit was to recover damages for the death of plaintiff's husband, who was killed in a mine owned by the appellant. The petition alleged that the appellant and one William Burns were partners, engaged in mining for lead and zinc ores in Jasper county; that plaintiff's husband was in the employ of both of said parties and was killed in defendant's mine by reason of certain alleged negligent acts of the defendants. The defendant, Burns, lived in Jasper county, and the defendant, McConey, in Jackson county. Personal service was had on both defendants. The defendant, Burns, appeared and filed an answer, and also a motion to require the plaintiff to give security for the costs of the suit. While that motion remained undisposed of, and on the fourth day of the term, the plaintiff dismissed the cause as to the defendant, Burns, and obtained a default judgment against the appellant, who had failed to answer. A jury was waived and the plaintiff introduced evidence as to the

age of her husband, the condition of his health at the time he was killed, and the wages he was receiving, and after the introduction of said evidence, the court rendered a judgment against the appellant in the sum of six thousand dollars. Two days after the rendition of said judgment, the appellant appeared and filed his motion to set the same aside. The court heard testimony on the motion, and also received a number of affidavits, and overruled the motion. From the judgment overruling the motion, the defendant, McConey, appealed to this court.

The facts relating to the merits of the motion are about as follows: The defendant, Burns, was an employee of the appellant and was operating a lead and zinc mine in Jasper county in his own name. The evidence discloses that the appellant had a mining license from the owner of a tract of land to mine the premises for lead and zinc ores; that some difference existed between the owner and the appellant, and the owner attempted to forfeit the rights of the appellant to mine the premises under the license. While matters were standing in this condition, Mr. Burns registered on the lots with the consent of the owner and continued the mining operations of the appellant thereon. Burns was an employee of the appellant and received nothing for his services but a salary, and had no interest whatever in the mining property. Burns procured accident insurance in his own name to protect him against damage suits instituted by miners on account of personal injuries received. The premium for the insurance was paid from the funds belonging to the appellant.

Plaintiff's husband was killed on the 11th day of February, 1910, and this suit was instituted for the April term of the circuit court of Jasper county for that year. When the summons was served on the appellant at Kansas City, he wrote to Burns about the

suit and the position the insurance company would likely take as to its liability, on account of the fact that the appellant was the sole owner of the mine. It appears indirectly from the testimony that notice of the death of plaintiff's husband was given to the accident insurance company, and that company employed Mr. Spencer, of Joplin, to look after the case in its behalf. Burns went to see Spencer about the defense of the case, and there is a difference in the testimony of Spencer and Burns as to what took place at that time. In any event, Spencer afterwards wrote to Burns that he would file an answer for him alone in the cause, which was afterwards done.

It fully appears from the evidence that the entire management and control of the mine was entrusted to Burns by the appellant. It appears from the affidavit of the appellant that he telephoned to Burns to employ a lawyer to defend the case, and that afterwards and on the first day of the April term of court, Burns telephoned him that he had employed counsel, and he would attend to the case and notify him when the case was set for trial.

Appellant at the hearing of the motion, offered testimony to the effect that one Oscar Rhodes had full and exclusive charge of the underground workings in the mine, and at his own expense was to inspect the walls and roof of the mine and keep the same in a reasonably safe condition; that said Rhodes was to furnish the powder, and pay for all appliances necessary for breaking the dirt and carrying the same to the bottom of the shaft to be hoisted to the surface; that said Rhodes had the sole power to hire and discharge all men who worked in said mine, and that defendants had no control over that question in any way, and that plaintiff's husband was an employee of Rhodes and was not an employee of either of the defendants.

In support of the affidavits of the appellant and Burns as to the contract between Rhodes and Burns, the defendant offered the affidavit of Oscar Rhodes, also affidavits of several other employees in the mine. And the plaintiff, in support of her contention, offered affidavits of four of the employees that Rhodes was simply the ground boss and an employee of the defendants. The affidavits filed by defendant included affidavits of two of the same persons whose affidavits were filed by the plaintiff, but made two days later than the affidavits filed by plaintiff.

The plaintiff maintains that the motion was not timely, as it was made after final judgment had been rendered, and in support of her contention relies on the following cases. Billingham v. Commission Co., 115 Mo. App. 157, 89 S. W. 356; Mathews v. Cook, 35 Mo. 286, and Burns v. Burns, 61 Mo. App. 617.

In each of the cases above cited, there was an interlocutory judgment by default taken at one term and final judgment at the next. The motions to set aside the judgment were not filed at the term the default judgment was entered, but after final judgment, and the court held they were too late.

In Harkness v. Jarvis, 182 Mo. 231, 81 S. W. 446, it is expressly held that a motion to set aside a judgment may be filed any time during the term at which the judgment was rendered. In the late case of Miller v. Crawford, 140 Mo. App. 711, 126 S. W. 984, the authorities relied on by plaintiff and above cited, are reviewed, and it is there held that they do not apply to a case wherein the motion to set aside default judgment was filed at the same term in which the interlocutory and final judgment was rendered.

By reference to the cases of this and other states, it will be seen that the trial court is invested with large discretion in determining a motion to set aside a default judgment. And it is well settled that the appellate court is less apt to interfere with such dis-

cretion when the judgment was set aside, than when it was not. This is upon the theory that when the judgment is set aside, the cause is reopened and justice will yet be done on the merits between the parties. [Harkness v. Jarvis, 182 Mo. l. c. 241, 81 S. W. 446; Helm v. Basset, 9 Mo. 55; Yates v. Shanklin, 85 Mo. App. 360; Longdon v. Kelly, 51 Mo. App. 572.]

If the defense shown by the appellant in his evidence and affidavits in support thereof, should be established by the evidence, then he was not liable for the judgment of six thousand dollars rendered in this case. And for the purpose of this motion the court will not weigh the evidence with too great exactness, but will take into account the tendency of the evidence and the apparent probability of the result of the trial upon the merits. [Farmers Exchange Bank v. Trester, 124 N. W. 793; State Ins. Co. v. Granger, 62 Ia. 272, 17 N. W. 504.]

The facts in the case show that the appellant did not live in the county in which the suit was commenced. The petition alleged that he and his co-defendant were operating the mine as partners, and it was a joint suit against both of the defendants, the object of which was to secure a judgment of six thousand dollars against them both. When the summons was served upon the appellant, he took the matter up with his co-defendant and relied on him to hire an attorney and defend the suit, or in any event, the testimony shows that it was intended that the co-defendant should not only protect his own interests, but the interests of the appellant. When court convened for the term, the defendants had three days, under the law, in which to plead to the petition. The insurance company, under an arrangement, filed an answer for one of the defendants, but not for the appellant. In addition to the answer, a motion for security for costs was filed, and while this was undisposed of, and because there was an opportunity to obtain a judgment

against the appellant by default on the first day of the term after the time given him to answer had expired, the plaintiff dismissed her suit as to Burns and took judgment by default in the sum of six thousand dollars against the appellant.

The appellant received notice of this unexpected disposition of the lawsuit on the next day, which was the 15th day of April, and on the 16th day of April he filed his motion to set aside the judgment by default. It does not appear in the record that the case was set for trial on the fourth day of the term, and it is not claimed that plaintiff had subpoenaed witnesses and had prepared for trial on that day. In fact it is not shown that plaintiff would have suffered any inconvenience or delay in the trial of her case if the court had set aside the default judgment. It was early in the term and plenty time to try the cause on its merits remained before the adjournment of the court.

The general rule is that where the application discloses a good defense on the merits and a reasonable excuse for delay is shown and no substantial injury has resulted from such temporary delay, the court should exercise its discretion in favor of the trial on the merits. [Tucker et al. v. Ins. Co., 63 Mo. 588; Stout v. Lewis, 11 Mo. 438; Judah v. Hogan, 67 Mo. 252; Barto v. Sioux City Elec. Co., 30 N. W. 268; Baxter v. Chute, 52 N. W. 379; McMurran v. Bourne, 84 N. W. 338; Wash v. Boyle, 103 N. W. 506; Miller v. Carr, 116 Cal. 378, 48 Pac. 324; Braseth v. Bottineau Co., 100 N. W. 1082; Lawler v. Bashford-Burmister Co., 46 Pac. 72; Morse v. Callantine, 47 Pac. 635; Evans v. Terrell, 95 S. W. 684.]

The facts in the case of Morse v. Callantine, supra, are almost identical with the facts in the present case. In that case a default judgment was entered against one of two defendants. The defendant against whom the judgment was entered had not answered, but he had reason to believe that his co-defendant would

look after the case and employ counsel to attend to it
for both of them. The defendant entrusted to look
after the case filed an answer for himself containing
an absolute defense to the plaintiff's case, and which,
if true, was a defense for both defendants. Upon
the filing of this answer, the plaintiff dismissed the
action as to him, and took judgment by default against
the other. As soon as the other defendant learned of
the default judgment, he took immediate steps to have
it set aside, and it was held that the court erred in re-
fusing to set aside the judgment.

It has been frequently held that where an attor-.
ney abandons the prosecution or defense of his client's
cause without notice to such client, a reasonably suf-
ficient length of time to enable him to secure other coun-
sel should be given before judgment is taken against
him, and if judgment is rendered without giving him
such time, it will be set aside upon a showing of such
facts. [Evan v. Terrell, supra.]

We cannot see why the same rule should not ap-
ply to the facts in the present case. The insurance
carried by the defendant, Burns, was paid for by the
money of the appellant, and Burns was entrusted by
the appellant to look after the defense of the case.
Instead of so doing, he filed a motion for security for
costs and an answer for himself only, and permitted
judgment to go against the appellant by default as
soon as the case was dismissed as to himself.

In Baxter v. Chute, supra, the suit was upon a
promissory note against several defendants. One de-
fendant consulted an attorney by whom he was ad-
vised that if the other defendants answered, it would
not be necessary for him to do so, and that plaintiff
could not take judgment against him for a greater
amount than should be recovered against his co-de-
fendants. Relying upon this advice, and learning that
his co-defendants had interposed the defense of usury,
he did not defend and judgment was rendered against

him for default of an answer. Learning this fact, he moved promptly within six days after the expiration of the time for answering, to have the judgment set aside. The motion was denied, and he appealed to the Supreme Court of Minnesota. And in that court the judgment was reversed, and in so doing the court said: "There was no apparent reason for doubt as to the facts. The appellant was not personally at fault. As must be considered for the purposes of the motion, he had a good defense, which was the same as that made by the other defendants. It was only by reason of the mistaken advice of the attorney that the appellant suffered default. The time for answering had only recently expired. The granting of it would not have delayed the trial of the cause, nor have prejudiced the plaintiff in any other way than by requiring her to try her case on the merits, as to this appellant, as she was to do as to his co-defendants."

The discretion left with the trial court in such matters is not an arbitrary or capricious one, but legal and judicial, resting upon the facts and guided by them and the law, so that substantial equity and justice may be done. This discretion can find its right only to operate upon a certain statement or finding of facts from which the law draws its inferences. As said in Bailey v. Taaffe, 29 Cal. 423: "The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve, and not impede or defeat, the ends of substantial justice. We do not wish to be understood as holding any views which will permit a party to trifle with the rules of practice of the court; but the administration of the law should be so carried on as not to be a denial of justice. The trial court doubtless.

acted in the utmost good faith; but our conclusion is that his act constituted an abuse of discretion, and the judgment appealed from should be vacated and set aside."

The appellate courts of this state have, in a number of cases, reversed the judgment of the trial court overruling a motion to set aside judgments by default. [Stout v. Lewis, 11 Mo. 438; Tucker v. Ins. Co., 63 Mo. 588; Judah v. Hogan, 67 Mo. 252.]

In Stout v. Lewis, the defendant's attorney was not present when the case was called for trial and judgment by default was rendered. The facts showed that he had been in court that day and another cause was on trial. He left the court room, and while he was away, the pending suit was compromised and judgment by default rendered in his client's cause. A motion to set aside the default was filed, the same was overruled, an appeal was taken and the judgment was reversed. The court in excellent language, discusses the difference between a case in the appellate court wherein the trial court set aside the judgment, and where it permitted it to stand.

In the case of Tucker v. Ins. Co., supra, the suit was against the St. Louis Life Ins. Co. and others. All the defendants were personally served with process, but the insurance company failed to answer and an interlocutory judgment was entered against it. It appeared and filed a motion to set aside the judgment, alleging that papers had accidently been misplaced, and on account thereof, the failure to answer was caused. The court overruled the motion and the insurance company appealed. On the appeal, SHERWOOD, Judge, delivered the opinion of the court, and said: "Ordinarily we do not interfere with the discretion confided to the lower courts, and not a few of our decisions enunciate this rule in so far as applicable to judgments by default. Where, however, there occurs, as in the case at bar, a palpable abuse of that

discretion, we cannot remain silent. Granting that the accidental misplacing of papers served on a party, is not of itself a sufficient excuse for failure to answer; granting that the defendants were lacking in promptitude, still it does not thence follow that the action of the trial court was correct. For it should be the policy of courts to try causes on their merits whenever such a course will not result in hurtful delay.''

The case of Barto v. Elec. Co., 93 N. W. 268, is a well considered case. In that case a suit for damages was brought against the defendant and a consultation was held between the general counsel of the company at Davenport, Iowa, and the general manager of the company at the same place. The suit was pending in a distant county. It was decided between the general manager and the counsel to defend the suit, but owing to a misunderstanding between them as to who was to select the special counsel to look after the case, no answer was filed and a judgment was rendered by default. A motion was filed to set aside the judgment, and the same was overruled by the trial court and an appeal was taken. And in passing on the case, reversing the judgment of the trial court, the Supreme Court of Iowa said: "Defaults occurring through negligence or carelessness on the part of the judgment defendant or his attorney will not, of course, be set aside, for the law rewards the diligent, and not the careless. But it has ever been the purpose of the courts to relieve from accident, mistake, and misfortune not brought about through negligence. There is no difficulty in announcing the general rules which should govern in such application as this, but trouble arises when attempt is made to apply these rules to the facts of the particular case. Hence it has been said that each case must be determined to a great extent upon its own circumstances. Courts should and do favor the trial of causes upon their merits, and, if failure to secure such trial is not due to the negligence

Hall v. McConey.

or inattention of the party in default, he should upon a proper showing of merits, be given an opportunity to be heard. On the record before us we must hold that the failure of the telephone company to appear was due to an honest misunderstanding between the general manager, Smith, and the general counsel, Cook, as to who should employ the local counsel at Sioux City. If this was due to negligence or want of ordinary care and attention, then, of course, the ruling of the trial court was correct, and should be sustained. But if, on the other hand, it was the result of mistake or misfortune, due to the limitations of the human mind, the infirmities of language, or other fortuitous circumstances, then the default should have been set aside. We feel sure that the company intended to make defense. Of course, mere forgetfulness of the party or his attorney will not excuse him. But misunderstanding or mistake undoubtedly will. The cases generally hold that mutual mistake or misunderstanding is good ground for setting aside a default. (List of authorities cited.) It is well to state that, to justify interference by this court with a ruling on a motion of this kind, a much stronger showing of abuse of discretion in the trial court must be made when the default has been set aside than where it has been denied. Courts almost universally favor a trial on the merits, and, when there has been a reasonable excuse shown for the default, there should be no objection to such a trial to those who are reasonably diligent. Plaintiff contends that a large discretion was vested in the district court in this matter, and that its action denying the motion should not be reversed in the absence of a showing of passion or prejudice. True it is that such rulings are largely discretionary, but it is also true that this discretion is a sound legal one, which, if erroneously, arbitrarily, or oppressively exercised, will be reviewed and in the interest of justice and right may be set aside. We are constrained

to hold that the motion should have been sustained, and the order denying it must be reversed.''

Counsel for the respondent rely upon the cases of Coulter v. Luke, 129 Mo. App. 702, 108 S. W. 608; Robbins v. Publishing Co., 127 Mo. 390, 30 S. W. 130; Welch v. Mastin, 98 Mo. App. 277; Mathews v. Cook, 35 Mo. 286; Burns v. Burns, 61 Mo. App. 617; Billingham v. Commission Co., 115 Mo. App. 155, 89 S. W. 356.

In the Billingham, Mathews and Burns cases the motions to set aside the default judgments were not filed until a subsequent term. In Robins v. Pub. Co. the cause was returnable to the October term, 1892, of the court, but the defendant did not answer, and judgment was rendered on the 9th day of January, 1893. The court refused to set aside the default judgment because the defendant had failed to pay any attention to his case for two months and a half before the trial day. In the Welch case, the judgment was not taken for failure to answer, but for failure to appear on the day the case was regularly set for trial. In the case of Coulter v. Luke, the suit was brought against Luke and Brown, in the Jasper County Circuit Court. Summons was served on Luke alone. He paid no attention to the case, and the cause was dismissed as to Brown and judgment by default taken against Luke. At the time Luke was served with process, he knew that his co-defendant was not in Jasper county, and made no inquiry to ascertain whether he had been served with process or not. Mr. Luke relied upon Brown to look after the litigation. About two years before the cause of action accrued, Luke and Brown were mining together and Luke disposed of his interest to Brown with the understanding that Brown was to look after all subsequent matters pertaining to the mine. Relying upon this understanding, Mr. Luke when served with process, paid no attention to the case. The cause was set for trial on December 4, and on that day plaintiff ap-

peared with his witnesses and introduced his testimony and obtained the judgment. The court said: "That defendant was negligent in relying entirely on his co-defendant to follow a usual practice, knowing that the latter was absent from the county and might not have any knowledge of the existence of the suit, is too plain for serious discussion. His own neglect was the sole cause of the predicament in which he finds himself. Plaintiff who had been diligent has some rights which must be respected. He went to the trouble and expense of preparing for trial and appearing at the appointed time and place with his witnesses and obtained his judgment. To set aside the judgment would be to punish him for the inexcusable neglect of his adversary."

We do not consider any of the above cases applicable to the facts in the present case.

In Wells v. Andrews, 133 Mo. 663, 34 S. W. 865, owing to a misunderstanding between the two persons interested in the property and the subject matter of the suit, the default judgment was rendered against one, and it was held that the trial court properly exercised its discretion in setting aside the judgment on the merits.

The judgment in this case is for a large sum. The amount involved is largely in excess of the savings of the ordinary man in a lifetime. All the evidence shows it was the intention of the defendant to appear and contest the plaintiff's claim for ten thousand dollars. Owing to the failure or misunderstanding of his co-defendant, who was in the county where the suit was pending, he failed to answer on the very day that the answer was required. The cause was dismissed against his co-defendant and judgment rendered against him. All of these things were done long prior to the day the cause would have been heard on the merits, had not the case against his co-defendant been dismissed. The plaintiff was put to no expense and no delay was caused, because, the appellant appeared

immediateely after the default judgment was rendered. When all of these things are considered, we are of the opinion that the court, in the exercise of a sound discretion, guided by the views, that courts favor the trial of cases upon their merits, should have set aside the judgment and given the defendant an opportunity to contest the plaintiff's right to the six thousand dollars.

It is the rule that in setting aside default judgments, the courts may impose reasonable conditions. The defendant in this case, in addition to his plea on the merits, raises the question of the jurisdiction of the circuit court of Jasper county in this case over his person. When we consider the fact that the mining operations were carried on in the name of his co-defendant, whose name appeared as the licensee upon the mining lots, and who was in full charge of all of the mining operations, we are of the opinion that the plaintiff was justified in joining both parties as defendants in the suit. In any event, we will not reverse the judgment to give the appellant a right to interpose technical defense of that nature.

The premises considered, we will reverse the judgment and remand the cause with directions to set aside the default judgment, upon the condition that the appellant pay the costs of the case up to and including the date of the overruling of the motion to set aside the judgment, and in addition thereto, shall file with the clerk of the circuit court of Jasper county, within ten days, an answer to the merits of the cause, waiving the question of jurisdiction over his person, and shall, within said time, file with the clerk of this court, the certificate of the circuit clerk that said costs have been paid and said answer filed. Otherwise, the judgment will be affirmed. All concur.