STATE EX REL. CLYDE M. CHRISTINE, EARL
　M. PIRKEY, and GEORGE P. WEINBRENNER,
　Sheriff of the City of St. Louis, Relators, v. HON.
　WILSON A. TAYLOR, Judge of the Circuit Court,
　City of St. Louis, Respondent.

St. Louis Court of Appeals.　Argued and Submitted October 8, 1918.
Opinion Filed November 6, 1918.

1. **APPELLATE PRACTICE: Judgments by Default: Opening up Same:
Action of Trial Court: Review.** In matters of opening up defaults,
a very large discretion is vested in the trial court, and unless it
appears to the appellate court that that discretion has been
abused, or that in exercising it the law has been violated or de-
parted from, the appellate court will not interfere with the action
of the trial court.

2. **JUDGMENTS: Interlocutory Judgments by Default: Setting Same
Aside: Statutes.** Under sections 2093 and 2094, Revised Statutes
1909, the circuit court may, for good cause shown, set aside an
interlocutory, judgment by default, but can only exercise that
power before the entry of the final judgment.

3. ———: ———: ———: **Grounds.** A meritorious defense and a
reasonable degree of diligence in making it is all that is neces-
sary to establish in order to justify the setting aside of an inter-
locutory judgment.

4. ———: ———: ———: **Pleading.** Where there was a meritorious
defense pleaded by the answers as filed to the original petition,
and an amended petition was afterwards filed and defendants
asked leave of court for ten days in which to plead to the amended
petition, but no pleadings were thereafter filed by defendants, and
the original answers were not withdrawn and the amendment
which was made to the original petition does not appear to re-
quire new answers, there was no ground for a default.

5. ———: ———: **Motion to Set Aside Default: Discretion: Manda-
mus.** Where plaintiff's amended petition set up nothing which
could not very properly have been included in a reply, and under
the code any new matter set up in a reply, being considered as
standing denied, even though defendants' answers containing a
general denial filed to the original petition were not specifically
refiled to the amended petition, it does not follow that they were
abandoned, and where the motion to set aside the default which
had been taken, was made in due time and before final judgment,
the trial court failed to properly exercise the judicial discretion

which he should have exercised in not setting aside the default entered because of the failure of defendants to answer the amended petition.

6. **PLEADING: Amended Petition: New Answer: When Required.** Where the additional matter set up in an amended petition was such that could have been included in a reply, and defendants' answers to the original petition were not withdrawn, no new answers were required.

7. ————: ————: **Answer: Relating Back.** Where the answers contained a general denial, when plaintiff filed his amended petition it related back to the institution of the suit and to the original petition, as long as these answers were not withdrawn.

MANDAMUS.    ORIGINAL PROCEEDING.

ALTERNATIVE WRIT MADE ABSOLUTE.

*Earl M. Pirkey* for relators.

(1) Where there is an answer on file responsive to a new petition it is not necessary to re-file the answer on file and such answer on file is considered by the law as the answer to whatever it is by its term responsive. Campbell v. Boyers, 241 Mo. 430; James v. Railroad, 69 App. 436; The Bremen Bank, v. Umrath, 55 App. 50. (2). Taking time to plead on any pleading is not a withdrawal of an answer already on file. Campbell v. Boyers, 241 Mo. 430. (3) An error of record can be corrected at any time. Fisher v. Fisher, 114 Mo. App. 633. (4) A motion attacking a judgment carries a right to review the judgment and set it aside over the term. State ex rel. v. Taylor, 183 Mo. App. 451; Kamoss v. Railroad, 202 S. W. 434. (5) An injunction should not issue from one court to restrain the process of or govern the action of another court of equal jurisdiction. R. S. 1909, sec. 2516; Scrutchfield v. Sauter, 119 Mo. 615; Mellier v. Bartlett, 89 Mo. 134; Pettius v. Elgin, 11 Mo. 411. (6) The different divisions of the circuit court of the city of St. Louis, become independent courts after a cause is assigned to them. Goddard to use v. Delaney, 181 Mo. 581, line 14 from the bottom of the page. (7) Where a judge refuses to assume and exercise the jurisdiction over a cause which by law he

should exercise mandamus is the proper remedy. State ex rel., Union Electric Light and Power Co. v. Grimm, Judge, 220 Mo. 483; State ex rel., Oliver Hast Auction Co. v. Grimm, Judge, 196 S. W. 1019; State ex rel., Elrick et al. v. Allen, Judge, 168 App. 463; State ex rel., J. Hahn Bakery Company et al. v. Anderson, Judge, 269 Mo. 381; Constitution of Missouri, article 2, section 10; State ex rel., Knisely v. James, 202 S. W. 1117, last point in the syllabus; State ex rel., City of Marshall v. Hackmann, 203 S. W. 960; Matter of Simons, U. S. Supreme Court, decided June 3, 1918, found in advance sheets, page 667.

*A. & H. N. Arnstein* for respondent.

(1) That a writ of mandamus be available, it is essential that the relator have a clear legal right to the thing demanded and it must be the imperative duty of respondent to perform the act required. State ex rel. v. Stone, 269 Mo. 334-342; State ex rel. v. Gas Company, 254 Mo. 532; State ex rel. v. Appling, 191 Mo. App. 592-3. (2) The primary question in issue is whether the court had the legal right to enter an interlocutory judgment by default upon defendant's failure to plead to the amended and supplemental petition filed January 4, 1918, after the time granted to them to plead thereto had passed; if it had, then the judicial discretion resting in the court to set aside the default cannot be coerced by a writ of mandamus. State ex rel. v. Smith, 105 Mo. 6; State ex rel. v. Cook, 193 Mo. App. 276. (3) Where an amended petition has been filed and defendant prays and is granted time to plead thereto, this constitutes an abandonment by him of his prior pleading, and if he fails to plead within the time granted, plaintiff is entitled to a judgment by default notwithstanding an answer to the original petition remains on file. Gettings v. Buchanan, 17 Mont. 581; Robinson v. Keys, 9 Humph. 144; Seawell v. Crawford, 55 Fed. 729; Rohrer v. Hoberg, 189 Ill. App. 172; Damon v. Coleman, 8 Mo. App. 594; Isaacs v. Shrainke, 13 Mo. App. 593; Roberts v. State Ins. Co., 26 Mo. App. 92, 98. (4) Where an amend-

ed petition is filed and defendant fails to plead thereto, default may be entered, notwithstanding an answer to the original petition is on file. Bank v. Western Union Telegraph Company, 72 C. C. A. 585; LaBarre v. Waterbury, 69 Conn. 554; Bremer v. Bindesheimer, 14 Ia. 82. (5) Denials in the answer to an original petition cannot be considered as denials of new matter arising since the filing of the original petition, and pleading for the first time in an amended petition. Kelley v. Bliss, 54 Wis. 192-193. (6) The demurrer filed by defendants to the supplemental petition December 19, 1917, and which were confessed by plaintiff, operated as an abandonment of the answers previously filed by them; those answers were superseded by the demurrers and ceased to be pleadings in the cause. The filing by plaintiff thereafter of an amended petition could not revive the abandoned answers. Roberts v. State Ins. Co., 26 Mo. App. 92; Hawkins v. Massie, 62 Mo. 552; Pickering v. Miss. Valley Tel. Co., 47 Mo. 460; Ingiverson v. Railroad, 205 Mo. 335; State ex rel. Bright, 224 Mo. 523-525. (7) Under their points 5 and 6 relators urge respondent has no jurisdiction to try the case; if that point is well taken, then, as the sole purpose of this proceeding is to compel respondent to try it on its merits, the writ must be denied. Relators' remedy would be a writ of prohibition. (8) But Division No. 2 did have jurisdiction; for (a) where a suit is ended, final judgment entered and all proceedings therein have ceased, the record in the cause belongs to the whole court. Goddard v. Delaney, 181 Mo. 581-2, and (b) Any division of the circuit court of the city of St. Louis has jurisdiction to enjoin the levying of executions upon judgments rendered in said court where the primary purpose of the suit is to effect an equitable set-off, and the injunction is but an incident to that proceeding. Davidson v. Hough, 165 Mo. 577-8; Capitain v. Trust Company, 240 Mo. 495-6; Baker v. Rockabrand, 118 Ill. 365, 372; Hager v. O'Brien, 149 Ill. 410; Winston v. Coal Company, 20 Gratt. 686; Muller v. Bayly, 21 Gratt. 521.

REYNOLDS, P. J.—One Herman C. G. Luyties brought suit in the circuit court of the city of St. Louis, on June 22, 1917, against Clyde M. Christine, Earl M. Pirkey, and George P. Weinbrenner, the latter sheriff of the city of St. Louis, in which petition, after setting out various judgments which Clyde M. Christine had secured against Luyties, and under which executions had been placed in the hands of the defendant Weinbrenner, as sheriff, he prayed that Christine and Pirkey be enjoined from requiring the sheriff to levy the excutions on his property, and the defendant Weinbrenner, as sheriff, be enjoined from levying these executions; that the writs of execution be quashed and they and the levies thereof be stayed until the further order of the court and for such other and further relief as in equity he is entitled to.

The petition in the case further prayed for the immediate issue of an order against the above named defendants to show cause why a temporary injunction should not issue and that in the meanwhile a temporary restraining order issue staying the executions and the levy thereof.

It appears that an order to show cause was issued and the three defendants filed their returns to it. It appears, although that is not clearly set out in the abstract, that a temporary injunction was issued as prayed, whereupon the defendants filed answers, these answers consisting, first, of a denial of every allegation in the petition, with the exception of certain matters of averment which were admitted.

The answers then aver that the judgments in seven of the cases referred to had been paid, and claimed that the attorneys for plaintiff were entitled to attorney's liens on such of them as are unpaid, and that Luyties has transferred his real estate and has less than $3000 assessed against him in the city of St. Louis and apparently is execution proof. Further setting out the particulars of each of the several cases, it is averred that in one of them, No. 75,926, the motion of

200 M. A—22

the defendant Luyties for a new trial had been over-ruled and the cause had been appealed since execution was ordered, and that the defendants had directed the clerk of the court not to issue an execution in said cause and directed the sheriff not to levy such execution, if a bond was approved and filed, but that no bond had been filed, and that in another case, No. 51,316, counterclaims, aggregating about $4000 had been interposed but never finally adjudicated, and that that cause has been pending since about 1909, and is without merit and has never been pressed to final adjudication by Luyties. It is not necessary to state the particulars of the other judgments nor the substance of these answers any further.

It appears that after the filing of these answers by the three parties named, the plaintiff filed what he called "a supplemental petition," setting up matters that he claimed had arisen since the institution of the action. A demurrer was filed to this supplemental petition, on the ground that no such form of pleading was recognized under our code. Luyties confessed the demurrer and thereupon filed an amended petition, in which he embodied all the matters set out in his original petition, as well as the so-called new matter, which was the matter set up in his supplemental petition. That new matter consists of the averment, that in case No. 51,316, which the answer averred was under submission at the time of the filing of the answer, had been determined and a final judgment rendered therein, in favor of Luyties and against Christine upon the counterclaim pleaded therein, for the sum of $4207.67, and of the further averment that as to cause No. 75,926, in which a judgment had been rendered against Luyties for $7500, and in which the answer pleaded that the appeal had not been perfected, it is set up by the amended petition that the cause had been appealed to the Supreme Court and an appeal bond had been filed and approved and the judgment stayed.

These, according to the statement of counsel for respondent here, counsel for plaintiff in the main cause,

constitute the only new matter set up in this amended petition.

It appears that about January 9, 1918, the defendants in the original cause, relators here, asked leave of court for 10 days' time in which to plead to the amended petition. This leave was granted, an order to that effect being entered, but in point of fact no pleadings were thereafter filed by the defendants. In this state of the pleadings and of the cause, on motion of plaintiff, "a judgment by default was entered" in the injunction suit "against the defendants therein and an inquiry ordered." Thereafter the defendants filed three several motions to set aside the default, all of which the court overruled, defendants excepting and filing motions for rehearing. All of these were overruled, defendants again excepting. The first motion, it appears was overruled by his Honor, Judge GRIMM, before whom the cause was then pending, the others overruled by his Honor, Judge TAYLOR, respondent here, who succeeded Judge GRIMM in the division of the court in which the cause was pending.

Thereupon the defendants in that cause applied for a writ of mandamus against the HON. WILSON A. TAYLOR, Judge, as aforesaid, setting out, in substance, the matters we have referred to, and praying our court to award against His Honor, Judge TAYLOR, a writ of mandamus, requiring him to set aside the default and to permit relators to make their defense and to proceed in the same manner as if said default had not been granted. This petition for the writ of mandamus being presented to one of the judges of our court, an alternative writ was issued as prayed for and the cause subsequently coming on for hearing before us on a return by respondent which sets out the facts practically as we have set them out, further admitting that the cause, referring to the suit for injunction, was set for hearing and inquiry on July 8, 1918, as a default case, denies that the answers filed by the defendants on December 11, 1917, were live answers to the amended and supplemental petition, filed January 4, 1918, and denies that

they were and are responsive to everything contained in the amended and supplemental petition, which latter, it is averred, sets up new matter arising since the filing of the original petition, and so it is averred, was the only new matter, namely, the rendition of the judgment in case No. 57,316, in favor of Luyties and against Christine, in the sum of $4007.67, upon his counterclaim pleaded therein, and that case, No. 75,926, was appealed to the Supreme Court, that an appeal bond had been filed therein and approved, which it is averred operated as a stay of the judgment rendered in said cause. It is further averred in the return of the learned trial judge that if an appeal had been taken in cause No. 57,316 from a final judgment rendered in favor of Luyties November 26, 1917, as stated in relators' petition herein, that fact has never been pleaded and respondent has no knowledge thereof. It is further set out in the return that if the defendants had decided to stand on their answers filed December 11, 1917, and treat them as answers to the amended and supplemental petition filed January 4, 1918, no intimation of such intent was made known to the court until the motions to set aside the default judgment of February 19, 1918, were filed by defendant on February 26, 1918.

Replying to this return in terms, the relators moved for judgment on the pleadings in their favor and for a permanent writ of mandamus as prayed for.

From a very early day in this State it has been held that in matters of opening up defaults, a very large discretion is vested in the trial court, and that unless it appears to the appellate court that that discretion has been abused, or that in exercising it the law has been violated or departed from, the appellate court will not interfere with the action of the trial court. It is hardly necessary to cite authorities in support of this but for illustration we refer to Scott v. Smith, 133 Mo. 619, 34 S. W. 864; Wells v. Andrews, 133 Mo. 663, 34 S. W. 865; Hulbert v. Tredway, 159 Mo. 665, 60 S. W. 1035. Our statute, section 2093, Revised Statutes 1909, provides that if a defendant fails to file his answer or

other pleading within the time prescribed "by law or the rules of practice of the court, and serve a copy thereof upon the adverse party, or his attorney, when the same is required, an interlocutory judgment shall be given against him by default," and section 2094, provides that "such judgment may, for good cause shown, be set aside at any time before the damages are assessed or final judgment rendered, upon such terms as shall be just." The cases above cited construe this section. Referring to this same section, which appears in Revised Statutes 1855, section 5, p. 1268, at an early day our Supreme Court in Matthews v. Cook, 35 Mo. 286, 1. c. 289, held that the circuit court may, for good cause shown, set aside an interlocutory judgment, but can only exercise this power before the entry of final judgment.

We have not what is referred to as "an interlocutory judgment by default" here set out in terms but in the petition in this case and in the return of the learned trial judge, it is referred to as "an interlocutory judgment by default," and no final judgment appears to have been entered.

In Adams v. Hickman, 43 Mo. 168, it is held that a meritorious defense and a reasonable degree of diligence in making it is all that it is necessary to establish in order to justify the setting aside of an interlocutory judgment.

The provisions of the statute and the decisions under it which we have referred to above, are relevant here by way of illustration more than particularly applicable to the decision of this case. As we view it there was no ground for a default here. There was a meritorious defense pleaded by the answer as filed and the motion to set aside the default which had been taken was made in due time and before final judgment. When we examine the amendment which was made to the original petition, it does not appear that a new answer to that was required. In point of fact, when we look at what respondent refers to as new matter, we find it either a denial of, or explanatory of, averments

made in the answer in the case. As a matter of correct pleading, this so called "new matter" could very properly have been included in a reply and as is settled by our code, unless for the purpose of striking it, or part of it, out, or for demurring to it, a defendant is not permitted to go into any further pleading as at common law to any new matter that it set up in the reply, it being considered as standing denied.

We do not think that the defendants in the injunction suit lost the benefit of their answers by taking time to plead to or answer the amended petition and then failing to replead. There is not a word of the record here to show that the answers were ever withdrawn. All that could possibly be said to be omitted was a request that the answers be considered as refiled. Because no such request was made and the answers not specifically refiled, it does not follow that they were abandoned. To hold that it was, is untenable; no such result followed. It appears that the plaintiff in the injunction suit, after the answers had come in to his petition, instead of filing an amended petition, endeavored to set up this so-called new matter by a supplemental petition embracing that new matter alone as matter arising since the commencement of the action. It appears that the defendants demurred to this as not proper under our code system, and the plaintiff, confessing that demurrer, thereupon filed an amended petition covering all these matters. There was no demurrer to the original petition. If there had been a demurrer interposed to that petition and the demurrer not disposed of, and then an answer interposed, or if an answer had been filed and not withdrawn, and a demurrer filed, a very different proposition would arise.

Judge Graves, speaking for our Supreme Court in State ex rel. McEntee v. Bright, 224 Mo. 514, l. c. 523, 123 S. W. 1057, very concisely states the rule to be, referring to a proceeding in prohibition:

"A return is in the nature of an answer, and a demurrer and answer cannot both stand at the same time, where they both cover the entire case. The rule is

well stated in 6 Ency. Pl. & Prac., p. 382, thus: 'A party may demur to one part of a declaration, petition, or complaint, and plead or answer to another, but he cannot demur and plead or answer at the same time to the same part of the pleading. There cannot be an issue of law of fact to the same pleading or part of a pleading at the same time. Thus there cannot be a general demurrer and a plea or answer to the whole declaration or complaint at the same time, nor to the same count, or paragraph, except where the matters therein stated are divisible in their nature, and a part of the count or paragraph is good and a part bad; where this is the case, defendant may plead to the former and demur to the latter.' It is a rule too well established to need citation of authority that if a party demurs and then afterwards answers, he is deemed to have withdrawn, waived or abandoned his demurrer. By analogy, the converse should be true. That is, if a party has answered and afterwards demurs, he should be deemed as having withdrawn, waived or abandoned his answer.''

We have no such situation here. At most the demurrer interposed was to a part of the petition, or, more accurately, to what was tendered as a separate petition, or, we may say, a supplement to the original petition. That was what was demurred to, the demurrer confessed and the amended petition filed, embodying this new matter in it.

The answers contained a general denial, and when the plaintiff filed his amended petition it related back to the institution of the suit and to the original petition, as long as these answers were not withdrawn. [See Gruner & Bros. Lumber Co. v. Hartshorn-Barber Realty & Building Co., 171 Mo. App. 614, l. c. 621, 154 S. W. 846.]

We have not thought it necessary to cite the numerous authorities outside of this State, or even the many cases cited in this State by the several learned counsel who have laboriously and industriously collected them in their briefs and arguments. We think that the

cases we have cited in our own State, and the application of the facts in this case to our own law are sufficient to show that the learned trial court failed to ·correctly. exercise the judicial discretion which he should have exercised in this case.

On that ground we hold that the alternative writ of mandamus heretofore issued should be made absolute. It is so ordered, *Becker, J.,* concurring. *Allen, J.,* not sitting.

