DOAN *et al.*, Defendants in Error, v. HOLLY, Plaintiff in Error.

1. Where a judgment is irregularly rendered against the provisions of a statute or the rules of court, the party against whom it is rendered is entitled to have it set aside without showing a meritorious defence to the action.

2. Where a judgment is reversed in the supreme court and the cause remanded to the circuit court, and the mandate of the supreme court is received by the clerk of the circuit court after the commencement of a term of said court and said clerk, of his own motion, dockets the cause on the third day of the term, and the court renders judgment by default on the fourth day of the term ; *held*—no rule of the court appearing to have been violated—that the defendant was not entitled as of right to have this judgment set aside without showing a meritorious defence.

*Error to Andrew Circuit Court.*

This case has heretofore been before the supreme court. (See 25 Mo. 357 ; 26 Mo. 186.) A former judgment in said cause was reversed at the January term, 1858, of the supreme

court. The mandate and opinion of the supreme court were received by the clerk of the Andrew circuit court after the commencement of the April term, 1858, of said court. The clerk, of his own motion, docketed the case on the third day of the term. Judgment by default was rendered against defendant Holly on the fourth day of the term. This judgment the defendant Holly moved the court to set aside for the following reasons: 1st, because the court had no jurisdiction of said cause for determination at said April term; 2d, because said cause was not docketed before and at the commencement of said term; 3d, because the cause was entered on the docket the third day of the term without an order of the court authorizing and directing the same to be done.

The court overruled the motion.

*Loan*, for plaintiff in error.

I. The court had no jurisdiction of the cause. The judgment rendered at the September term, 1857, was a final disposition of the cause in the circuit court. The writ of error removed the whole case to the supreme court. The circuit court could again hold jurisdiction over the cause only by virtue of the mandate of the supreme court, and then only after notice express or implied. In this case the defendant had neither. If the defendant was bound to appear at the April term of the court, he was entitled to the time of the whole term in which to file his answer.

*A. H. Vories*, for defendants in error.

Scott, Judge, delivered the opinion of the court.

We can not believe that the purposes of justice will be subserved in interfering with the judgment of the court below. It is conceded that where a judgment is irregularly obtained against the provisions of a statute or the rules of a court a party is entitled to have it set aside without showing any merits. It is enough that it was obtained against the

law or the practice of the court. Unless the court has a discretion in setting the judgment aside, the law must be followed and the judgment pronounced irregular. The circuit courts formerly had rules prescribing the times within which a transcript from the supreme court must be filed before a term, in order to make the cause to which it relates triable at that term. It does not appear from the record that there is any rule on the subject in the court in which this cause was tried. We can find no statute on the subject. We are of opinion that the section of the practice act to which reference has been made does not apply to this case. (R. C. 1855, p. 1289, § 20.) It was not known, when the dockets of the term were made out, whether the former judgment given in the cause had been reversed or affirmed. The clerk then did not know whether any step was to be taken in the cause or not; he therefore could not docket it. The proceedings of the court below appear a little hasty, and, under ordinary circumstances, it would have looked better if a little indulgence had been extended to the defendant; but here is a judgment rendered without violating any statute or rule of practice in a court in which the cause was properly triable. It does not appear that any injustice has been done. The demand is not denied to be due. Although the defendant, at the term at which the judgment now under revision was rendered, might have filed an answer to the merits, he failed to do it. Notwithstanding this, had an affidavit been made showing a meritorious defence to the action, time being asked for to file an answer and prepare for trial, it should have been granted. But as this is the third time that this cause has been in this court, and as it does not appear that there is any just defence to the demand of the plaintiffs, and as the object of the defendant, from any thing that appears, is merely delay, we do not conceive that we would be warranted in interfering with the judgment of the court below. Affirmed. Napton, Judge, concurs.