DAVID LAMB, Respondent, *v.* WILLIAM A. NELSON, Appellant.

*Practice—Motion to set aside Default—Affidavit.*—In an application to set aside a default and to be permitted to answer on the ground of a meritorious defence, the affidavit in support of the motion must show the exercise of proper diligence, and also set out the nature of the defence, so that the court may judge of the question of merits.

*Appeal from St. Louis Circuit Court.*

*J. G. McClelland,* for respondent.

*J. T. Witham,* for appellant.

DRYDEN, Judge, delivered the opinion of the court.

This was a suit on a promissory note by the assignee against the maker. The defendant demurred to the peti-

tion; the demurrer was put on the law docket of the court, and when reached in its regular order (the defendant being absent, but having submitted the questions arising on the demurrer without argument) it was taken up, and, on motion of the plaintiff, was stricken out as frivolous; and the court then and there gave judgment for the plaintiff for the amount of the note and interest. Five days afterwards the defendant appeared and moved the court to set the judgment aside and grant him leave to answer "for the reasons assigned in the accompanying affidavit." The affidavit is in these words:

"Wm. A. Nelson, defendant in the cause of Lamb v. Nelson, upon his oath says, that he believes he has a good and meritorious defence to said action and against the note upon which the same is founded, if he is allowed to defend the same and file his answer to plaintiff's petition. Sworn to," &c.

The court refused the motion and the defendant appealed. It is objected here that the plaintiff's motion to strike out was not in writing; but as the matter was not excepted to in the court below, it cannot be considered in this court.

Another ground of error insisted upon by the appellant in the argument, is that he was entitled as well by the provisions of the practice act as by a rule of the Circuit Court to a day in court, after the disposition of the demurrer before judgment. Whether the action of the Circuit Court contravened any rule of its own we have no means of knowing, since we cannot take judicial notice of the rules of practice of other courts, and as the supposed rule, if any such exists, is not brought before us in the record. There is certainly nothing in the practice act to sustain the pretension here set up. The demurrer was stricken out because it was frivolous; and it being frivolous, it was no answer to the action; and the defendant was in default, and, being in default, how can it with even plausibility be claimed that he was still entitled to another day. The law is guilty of no such absurdity. It is not to be understood that, under the cir-

cumstances of this case, the court might not in its discretion permit a defendant to answer over. All we mean to say is, that the defendant is not entitled as a matter of right to answer over.

Supposing the demurrer properly stricken out (and there is no pretence it was not), there was no irregularity in then and there entering judgment. The only exception saved in the record is to the overruling the motion to set aside the judgment, and the only reason assigned in the motion why the motion should prevail is, that the defendant had a meritorious defence to the action. This is not enough. As has been seen, the appellant was in default. To entitle him in that condition to the consideration of the court, it was his duty to show as well the existence of merits as the exercise of proper diligence. There is no attempt to show diligence, nor are the merits sufficiently shown. The affidavit should not state the judgment of the party merely, as was done in this case; but the facts relied upon should be stated so that the court may itself judge of the question of merits.

There is no error in the record. Let the judgment be affirmed; all the judges concurring.