———o———

CATHERINE COONEY, Defendant in Error, *vs.* LINDSAY MURDOCK, Plaintiff in Error.

1. *Practice, civil—Pleadings—Striking out—Discretion in, etc.*—Trial courts have great latitude of discretion in allowing or refusing permission to file pleadings out of time; and unless that discretion be abused or unsoundly exercised, no case is made for the interference of this court.

2. *Practice, civil—Demurrer—Answer—When filing proper.*— Permission to file an answer during vacation was granted and a demurrer was filed instead Afterwards the demurrer was, on motion, stricken out and defendant immediately offered to file his answer. *Held,* that if the answer had disclosed a meritorious defense, and no particular delay or hardship would have resulted, such action of the court would be error.

*Error to Bollinger Circuit Court.*

*Robinson & Barret,* for Plaintiff in Error.

I. After the demurrer was overruled, the court should have allowed the answer to be filed. The court could adopt no rule or practice in contravention of law.

*John Hallum*, for Defendant in Error.

I. The action of the court in refusing to permit an answer to be filed after the demurrer was overruled, was within its discretion; a discretion which this court will not undertake to control, particularly as the paper called an answer is not incorporated in the record and made a part thereof by bill of exceptions.

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit in the nature of a bill in equity, brought in the Bollinger Circuit Court. The petition charges fraud in obtaining a judgment before a justice of the peace, in taking a pretended appeal from such judgment, and in having a judgment rendered in the cause in the Circuit Court, and in issuing an execution on such judgment, and having land sold thereunder; and prays for a special and general relief.

The defendant obtained leave to file an answer in vacation; but instead of doing this, he filed a demurrer, which on motion of the plaintiff was stricken out, on the ground, as appears from the bill of exceptions, that it is the well settled rule of practice of that court, not to permit a party defendant to file any pleading in vacation differing in character from that for which leave was granted. To this action of the court exceptions were duly taken, and defendant immediately tendered his answer and offered to file the same, which the court refused to permit him to do, and entered up judgment for the plaintiff, and to this the defendant also excepted, and after unsuccessful motions for a new trial, and in arrest, this cause is brought here on writ of error.

The trial courts undoubtedly have great latitude of discretion as to allowing or refusing permission to file pleadings out of time; and, unless that discretion be abused or unsoundly exercised, no case is made for the interference of this court.

Courts should, so far as is not inconsistent with the proper progress of the business before them, encourage and foster the trial of causes on their merits. But as the answer offered to be filed was not preserved in the bill of exceptions, it is im-

possible to tell anything about it. Nothing may have been alleged therein, which ought to have precluded plaintiff from the relief sought, and in the absence of any evidence in the records to the contrary, we are bound to presume that this was the case.

The action of the court, in striking out the demurrer, under its rules, would seem to have been correct. If, however, the answer had been preserved and had disclosed a meritorious defense, we should have held it an abusive exercise of discretion to have refused permission to file it, as it was already prepared, and no particular delay or hardship would have been occasioned by permitting it to be filed in term instead of vacation.

As to the matters urged in the motions for a new trial and in arrest, they have been already sufficiently discussed in the foregoing remarks.

Let the judgment be affirmed. The other judges concur.