## P. F. BURNS *v.* R. LOEB ET AL.

1. JUDGMENT BY DEFAULT. *Practice. Waiver of error.*
   Judgment by default, rendered on the second day of the return term, is erroneous, and will be reversed, unless it affirmatively appears that the defendant afterwards took action in the case from which a waiver can be inferred. *Winston* v. *Miller,* 12 S. & M. 550, criticised.

2. SAME. *Attachment. Claim of exemption. Appearance.*
   The defendant's claim of his exempt property, seized under the attachment with which the suit was begun, does not constitute such a waiver, if tried and determined in his favor before rendition of the judgment.

APPEAL from the Circuit Court of Tippah County.

Hon. J. W. C. WATSON, Judge.

*H. S. Carter* and *Falkner & Frederick,* for the appellant.

Under the statute allowing the defendant to plead on or before the third day of the return term (Code 1871, § 631), this judgment is premature, and must be reversed. *Davis* v. *Patty,* 42 Miss. 509. The error is a matter of record, which could not be waived by failing to object during the term, and which is subject to review, without exception, by the appellate court.

*L. Brame*, on the same side.

Before the fourth day of the return term the court had no power to give judgment by default. The principle which controlled in the decision of *Betts* v. *Baxter*, 58 Miss. 329, is applicable here. Section 1, Act of 1840 (Hutch. Code, p. 853, § 1), on which the case of *Winston* v. *Miller*, 12 S. & M. 550, is based, differs from Code 1871, § 631. Claim by the exemptionist did not authorize the court to violate the latter statute.

*T. Spight*, for the appellees.

After appearing and contending for the exempt property seized in this case and establishing his claim, the appellant cannot now be heard to say that the judgment was premature. But if it was, he waived his right to object by failing to do so during the entire term of court. *Winston* v. *Miller*, 12 S. & M. 550. The opinion in *Davis* v. *Patty*, 42 Miss. 509, is inapplicable, and is also a decision of little authority.

COOPER, J., delivered the opinion of the court.

The appellees sued out an attachment against the estate of the appellant, returnable to the September term of the Circuit Court of Tippah County, and the same was levied upon certain personal property of the defendant therein, and was also personally served on him. On the second day of the term, the defendant interposed a claim to a part of the property levied on, as exempt to him from levy under attachment or execution, and on that day his claim thereto was tried and determined in his favor. On the same day, but after the trial as to the exempt property, a judgment by default was rendered, and the balance of the property attached was condemned to be sold. The record does not show any other action taken by the defendant subsequent to his recovery of the exempt property. It is now assigned for error that the court erred in rendering a judgment by default before the expiration of the time within which the defendant might plead to the action.

In the case of *Winston* v. *Miller*, 12 S. & M. 550, it was said that a judgment by default, rendered before the expiration of the time given by statute to the defendant to plead, would

not be reversed as erroneous because the defendant ought to apply during the term for an order vacating the same, and for leave to plead. In that case, however, the declaration failed to show a cause of action and the judgment was reversed on that ground. It is therefore probable that the court spoke as to the other point without careful examination of the question. We have been unable to discover any other decision to the same effect, and as injustice may in some cases result from an adherence to the principle therein announced, and no injury can result from a departure from it, we are unwilling to follow it. We think the true rule is, that where a judgment is irregularly entered against the provisions of a statute, it is an error for which the judgment will be reversed on appeal, unless it is affirmatively shown that the defendant has subsequently taken some step in the cause from which a waiver of the irregularity may be inferred, and while it is true that courts will infer such waiver from slight circumstances, it is not sufficient to show that no action was taken at the term at which the error was committed. *Doan* v. *Holly,* 27 Mo. 256 ; *Burt* v. *Scrantom,* 1 Cal. 416.

*Judgment reversed and cause remanded.*