NAT REUCK, ADMINISTRATOR, ETC., RESPONDENT, v. H. H. STRICK-LAND, APPELLANT.*

Kansas City Court of Appeals.   December 31, 1928.

---

*Corpus Juris-Cyc References: Judgments, 34CJ, section 580, p. 365, n. 67; p. 369, n. 68; p. 371, n. 74.

*C. B. Burns* for respondent.

*Chas. K. Hart* for appellant.

FRANK, C.—This is an action by plaintiff, respondent here, to recover the sum of $300 with six per cent interest from March 1, 1927, as rent for the use of certain lands. The action was brought to the February term, 1928, of the Linn circuit court which convened on February 20, 1928. Process was duly issued and personally served on defendant on January 20, 1928, which was more than

thirty days before the first day of the February term of said court. Defendant did not file answer in said cause and judgment by default was rendered against him on February 25, 1928.

On February 22, 1928, defendant filed a written motion asking leave of court to file answer. This motion was denied on February 23, 1928. No exception was saved to the action of the court on this motion, and no appeal was taken from the action of the court thereon, so it drops out of the case.

Later, on February 24, 1928, and prior to the rendition of any judgment, defendant filed what he denominated a supplemental application to file answer, verified by affidavit, in which he prayed the court for leave to file answer in said cause. This application for leave to file answer was denied and judgment by default was rendered against defendant on February 25, 1928. After the usual preliminary steps, defendant appealed.

Defendant's application for leave to file answer tended to show that defendant had a meritorious defense to plaintiff's alleged cause of action. No contention is made that such showing was not made. The alleged reasons for failure to file answer will be hereafter noticed.

On February 29, 1928, defendant filed motion to set aside the judgment rendered, and grant him a hearing on the merits, alleging therein the same state of facts as was alleged in the application for leave to file answer. This motion alleges a state of facts showing that defendant had a good and meritorious defense to plaintiff's alleged cause of action, and then alleged the reasons why he did not file answer as follows:

"Defendant further represents unto Your Honor that the said petition was delivered to him, and that he examined same and understood the land covered thereby to be a different piece of land from that which he had rented, and further that the said rent was for a period when he had not rented the said lands.

"Defendant further states that he is wholly unlearned in the law and did not know or understand that it was necessary for him to file formal answer or pleadings herein, and that he did not talk with any attorney or consult any lawyer until Wednesday, the 22nd day of February, 1928, and that prior to that time he had no knowledge or information that it was necessary for him to file his answer or other pleadings to this proceeding.

"Defendant further represents unto Your Honor that the docket of this court, which was published and which gave the date on which said case stood for trial upon said docket, showed that the case was set for trial on Friday, the 25th day of February, and the fifth day of said term, and defendant further states and shows to the court that he understood he was to answer this petition on that date, and

that he did not consult with any attorney and did not file any formal pleadings for the reason that he did not know it was necessary to so take action in said case, until the said 25th day of February, 1928, and that he heretofore, to-wit, on the 22nd day of February, 1928, filed his application for permission to answer herein, and that this motion is supplemental and in addition to the motion heretofore filed in this case, asking for permission to file said answer.

"Defendant further represents unto Your Honor that his failure to file said answer was not on account of any desire or intent to ignore the process of this court, but because of the honest mistake and ignorance of this defendant of the rules of court and the statutes in such cases made and provided, and that the said failure to so file said answer was not on account of any fault of this defendant, for the reasons, aforesaid."

Defendant was sworn as a witness and gave evidence on the hearing of the motion to set aside the judgment, which tended to support the allegations of the motion.

It is not the law that a defendant must be denied a hearing of his case on the merits, because he failed to file answer in time on account of his ignorance of the rules of the court and the statutes governing such matters. Under such circumstances, the trial court, in the exercise of its discretion may grant or refuse such right: It has been said that the discretion of the trial court in such cases is neither an arbitrary or capricious one, but rather a judicial discretion to be exercised in the spirit of the law. [Armstrong v. Elrick, 177 Mo. App. 648.]

Conceding that ignorance of the law and rules of court is not, standing alone a sufficient excuse for failure to file answer, yet if it be properly shown that defendant has a meritorious defense, and no harm has resulted or will result from such delay; defendant should be permitted to answer if he makes timely application therefor, because it is the policy of the law to hear cases on their merits.

In Doan v. Holly, 27 Mo. 256, the facts were that the cause had been reversed by the Supreme Court and the mandate returned to the trial court. The clerk docketed the cause for hearing on the third day of the term. Judgment by default was rendered against defendant on the fourth day of the term. The court refused to set the judgment aside on motion of defendant. On appeal the action of the trial court in refusing to set the judgment aside was affirmed. However, the opinion of the court shows that the judgment should have been set aside if defendant had taken the proper step looking to that end. On this subject, the court said, l. c. 258:

"The proceedings of the court below appear a little hasty, and, under ordinary circumstances, it would have looked better if a little indulgence had been extended to the defendant; but here is a judg-

ment rendered without violating any statute or rule of practice in a court in which the cause was properly triable. It does not appear that any injustice has been done. The demand is not denied to be due. Although the defendant, at the term at which the judgment now under revision was rendered, might have filed an answer to the merits, he failed to do it. Notwithstanding this, had an affidavit been made showing a meritorious defense to the action, time being asked for to file an answer and prepare for trial, it should have been granted. But as this is the third time that this cause has been in this court, and as it does not appear that there is any just defense to the demand of the plaintiffs, and as the object of the defendant, from any thing that appears, is merely delay, we do not conceive that we would be warranted in interfering with the judgment of the court below.''

In Tucker v. Insurance Co., 63 Mo. 588, the defendant failed to answer and default judgment was rendered against it, which the trial court refused to set aside. The alleged reason for failure to answer was that defendant had misplaced some papers which had been served on it. In disposing of the case on appeal, the court said, l. c. 593-594:

''Ordinarily we do not interfere with the discretion confided to the lower courts, and not a few of our decisions enunciate this rule in so far as applicable to judgments by default. [Gehrke v. Jod, 59 Mo. 522, and cas. cit.; Campbell v. Gaston, 29 Mo. 343; Lamb .v. Nelson, 34 Mo. 501.]

''Where, however, there occurs, as in the case at bar, a palpable abuse of that discretion, we cannot remain silent. Granting that the accidental misplacing of papers served on a party, is not of itself a sufficient excuse for failure to answer, although such party may be involved in extensive litigation, and the papers and writs served numerous; granting that the defendants were lacking in promptitude, still it does not thence follow that the action of the trial court was correct. For it should be the policy of courts to try causes on their merits whenever such a course will not result in hurtful delay. Thus, in Doan v. Holly (27 Mo. 256), where a default had occurred, and the refusal to set it aside was approved, yet it was also said: 'Notwithstanding this, had an affidavit been made, showing a meritorious defense to the action, time being asked for, to file an answer and prepare for trial, it should have been granted.'

''And it is peculiarly noteworthy in that case, that it had been twice before appealed to this court (25 Mo. 357; 26 Id. 186), and the third default had been taken. Similar language is used in Cooney v. Murdock (54 Mo. 349), and Howell v. Stewart (Id. 400). Here the affidavit and motion were filed on the day before the cause was called for trial, and an apparently meritorious defense was dis-

closed, showing that a considerable sum was still due the St. Louis Life Insurance Company, and claiming a priority for the deeds of trust which secured such remaining indebtedness.''

In Judah v. Hogan, 67 Mo. 252, defendant appeared by attorney at the return term and obtained leave to answer within sixty days in vacation. He instructed his attorney in all details of his defense. The attorney left the State without filing an answer and never returned. On discovering that no answer had been filed, defendant employed another attorney, who appeared at the beginning of the next term and before any default had been taken, tendered an answer, verified by affidavit, alleging an apparently meritorious defense, and asked leave of court to file it. This leave was refused and the case was continued to the next term, when judgment was rendered against defendant. On appeal the action of the trial court was reversed. In the disposition of the case, the court said, 1. c. 254-255:

''As was observed by Judge SCOTT in Stout v. Lewis, 'justice ought to be administered in a manner satisfactory to suitors. An indiscriminate interference of this court with matters of pure discretion in the courts below would in the end be productive of more injustice than refusal to interfere in any case, but cases may arise in which this court will interfere. This is never done, however, without great reluctance, as it is obvious that, in matters of this kind the court possessing original jurisdiction enjoys advantages for determining them far superior to those enjoyed by this court.' We confess ourselves unable to understand why the defendant in this case was not allowed to file his answer. It was offered before any judgment by default was taken; the failure to file it in vacation occurred under circumstances which indicated no want of good faith; no inconvenience to the adverse party was likely to result from any delay occasioned by it, and, in fact, after overruling the motion, the court continued the case until the next term. The answer set up a parol partition and possession and expenditures under it, which was apparently a meritorious or bona-fide defense, however the facts might have been, or whatever might have been the opinion of the court in regard to the validity, had such facts been established. This is all we understand to be meant by a meritorious defense.''

The law as announced in Judah v. Hogan, supra, was approved by the Supreme Court in State v. Crump, 274 S. W. 58, 67, whereat the court said:

''We heartily concur in Judge NAPTON's ruling in reversing the cause on account of the action of the trial court in refusing to permit defendant's answer to be filed under the circumstances aforesaid.''

While defendant's ignorance of the law and rules of court governing the filing of answers, is not a sufficient reason for failure to file

answer, yet that circumstance coupled with a showing that defendant had a meritorious defense; that no harm had resulted from the delay and that defendant appeared and asked leave to file answer before any default judgment as taken, entitled him to a hearing of his case on the merits, and the action of the court in refusing such hearing was arbitrary and amounted to an abuse of discretion.

Judgment reversed and cause remanded. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.