**Leona PARTY, Charles R. Party, and Betty Lindsey, Plaintiffs-Respondents,**

v.

**Albert L. GAGNE, Defendant-Appellant.**

**Nos. 32164, 32165.**

St. Louis Court of Appeals.

Missouri.

June 14, 1966.

Ray B. Marglous, Sawyer, Marglous, Clayton, for defendant-appellant.

B. Richards Creech, George W. O'Lary, St. Charles, for plaintiffs-respondents.

WOLFE, Presiding Judge.

This is an appeal from an order denying a motion to set aside three judgments against the defendant-appellant.

On October 16, 1961, Mrs. Betty Lindsey was driving her automobile southwardly along North River Road in St. Charles County. The defendant was driving a truck northwardly along the same road. The car and the truck collided on a hill where the road crosses some railroad tracks. There was a passenger named Leona Party in Mrs. Lindsey's car. Mrs. Lindsey brought suit for personal injuries and for damages to her automobile. Mrs. Party brought suit for personal injuries in which her husband, Charles R. Party, joined seeking damages for the loss of his wife's services and companionship by reason of the injuries she sustained. Answers were filed on behalf of the defendant and all cases were at issue by June 15, 1962. On June 1, 1964, the cases were consolidated for trial, and on September 9, 1964, the consolidated cases were called for trial and the defendant failed to appear.

The evidence disclosed that while Mrs. Lindsey was driving her car southbound over the railroad tracks crossing River Road her car was struck by the truck driven by the defendant. There was evidence that he was on the wrong side of the road traveling at a speed of forty-five miles per hour and that Mrs. Lindsey's car was knocked into the railroad embankment. She suffered a whiplash injury and had been troubled for three years after the accident with headaches. The damage to her car amounted to $144.52.

Mrs. Party suffered back and hip injuries and was under treatment for that for some time. She stated that she had some difficulty moving her neck, and that her back still hurts. She is required to use liniment and a heat lamp. In the special damages sought both she and Mrs. Lindsey told of their medical expenses. Mr. Party stated that he was required to pay money for baby sitters and housekeepers to do work his wife ordinarily did and that she was unable to perform her household duties as she had done before the accident.

At the conclusion of the hearing the court entered judgment for Leona Party in the sum of $2,500.00 and a judgment for Charles R. Party in the sum of $500.00. A judgment was awarded to Betty Lindsey in the sum of $5,000.00 for personal injuries on Count 1 of her petition, and $144.52 on Count 2 of her petition.

On October 24, 1964, the defendant filed a motion to set aside the judgments previously entered in which he alleged, inter alia, that an attorney named John Gray who filed the answers for the defendant had represented the defendant for the Crown Insurance Company and that Gray had withdrawn from defense of the cases.

In support of his motion the defendant testified at the hearing thereon as follows: He had been insured by the Crown Insurance Company. The insurance company went bankrupt. Sometime in June, 1964 Mr. Gray, the attorney for the insurer, notified the defendant that he "wasn't going to handle the case any more." After that defendant called up another lawyer but he did not hire him because the lawyer wanted a

fee of $300.00 to defend the actions. The defendant also stated that he did nothing further. He was not notified of the setting of the cases and did not know of the judgment of September 9, 1964 until an execution was run on it. All that he said in relation to his alleged meritorious defense was that he thought the driver of the other car was at fault "because she hit me in the side." He also testified that this was his "first experience in court."

Upon the foregoing evidence the trial court overruled the motion to set aside the default judgments. The defendant's one point on this appeal is "The Court erred in overruling defendant's motion to set aside the default judgment for the reason that the motion disclosed (1) a meritorious defense, (2) a reasonable diligence for failure to defend and (3) no substantial injury to plaintiff in a trial on the merits." In support of this contention we are cited to the following cases: Whitledge v. Anderson Air Activities, Mo., 276 S.W.2d 114; Amos James Grocery Co. v. Prichard, Mo.App., 297 S.W. 721; Hall v. McConey, 152 Mo.App. 1, 132 S.W. 618; and Reuck v. Strickland, 222 Mo.App. 1171, 12 S.W.2d 764. All of the foregoing cases differ materially from the facts before us and no useful purpose would be served by further distinguishing them.

In the case of Whitledge v. Anderson Air Activities, supra, 276 S.W.2d 114, the Missouri Supreme Court stated, 1. c. 116: "* * * It has been generally held that, in order to justify a trial court in setting aside a default judgment, a defendant must have shown that he has a meritorious defense, and that he has good reason or excuse for the default; and, when a trial court has overruled a motion to set aside a default judgment and the trial court's action is reviewed, the trial court's action will not be disturbed unless the elements of reasonable excuse and meritorious defense are so clearly apparent that it is manifest the refusal to set aside was arbitrary. The possible injustice to plaintiff because of delay is to be also considered. * * *" See also Dodge v. Safe-Guard Sales, Inc.,

Mo.App., 356 S.W.2d 101; J. G. Jackson Associates, Inc. v. Mosley, Mo.App., 308 S.W.2d 774.

From the facts we have set out above it appears that the defendant knew he needed an attorney and knew that he had none and permitted this situation to exist for three months before the case was called for trial. The court in its exercise of its discretion could under those facts find that there was no valid excuse for the defendant's default. As to the alleged meritorious defense all that the defendant offered was that it was the "fault" of the plaintiff driver and that she hit his car in the side. This certainly was scant evidence, if any, of meritorious defense to the accusation that he was traveling at an excessive rate of speed on the wrong side of the road. We find therefore that the court did not abuse its discretion in overruling the defendant's motion to set aside the default judgments and the judgment overruling the motion is affirmed.

ANDERSON and RUDDY, JJ., concur.